Wanda J. BALLHEIMER *v.* SERVICE FINANCE CORPORATION

86-223                                    728 S.W.2d 178

Supreme Court of Arkansas
Opinion delivered April 27, 1987

*Phil Stratton* and *Casey Jones, Ltd.*, by: *Phil Stratton*, for appellant.

*Julius C. Acchione*, for appellee.

Tom Glaze, Justice. This case involves an action on a debt owed for medical services incurred by appellant on June 22, 1983, at the Baptist Medical Center in Little Rock. Appellant admits owing the debt, but argues the appellee, assignee of the Baptist Medical Center, is barred from bringing the suit since it delayed in doing so for thirty-three months from the date appellant incurred the debt. Appellant's argument is based upon Ark. Stat. Ann. § 37-245 (Supp. 1985), which provides that "[n]o action shall be brought to recover charges for medical services performed or provided prior to April 1, 1985, by a physician or other medical service provider after the expiration of eighteen (18) months after the date such services were performed or provided."

The trial court rejected appellant's argument, holding § 37-245 did not apply, but instead applied Ark. Stat. Ann. § 37-209 (Repl. 1962). Section 37-209 provides that actions on promissory notes or other instruments in writing must be commenced within five years after the cause of action accrues.

On appeal, appellant contends the trial court erred in applying § 37-209. Appellee responds the court was correct, but, in addition, it asserts § 37-245 was inapplicable because the medical center was not a provider of medical services under the terms of that statute. Appellee also asserts § 37-245 violates the equal protection clause because it singles out medical service providers by treating them differently from other creditors. We hold that § 37-245 is applicable to this cause of action and is not a denial of equal protection of the law.

When appellant entered the Baptist Medical Center, she signed a financial agreement, promising to pay the hospital for services and supplies rendered during her stay. She was discharged two days later, owing the hospital $1,028.75. Much of the parties' argument concerns the validity or enforceability of the agreement signed by appellant and whether it was an instrument in writing that effectuated the longer five-year statute of limitations (§ 37-209) thereby avoiding the shorter one (§ 37-245) dealing specifically with the recovery of charges for medical services.[1]

In support of appellee's position that § 37-209 applies, it cites *Jefferson v. Nero*, 225 Ark. 302, 280 S.W.2d 884 (1955), which relates the rule that if there is doubt as to which of two or more statutes of limitation applies to a particular action or proceeding, and it is necessary to resolve the doubt, it will generally be resolved in favor of the application of the statute containing the longest limitation. That rule is certainly a valid and settled one, but it is not applicable here where no doubt exists concerning what the General Assembly intended when it enacted the later but shorter limitation statute of § 37-245.

---

[1] Act 638 of 1984, Ark. Stat. Ann. § 37-245, enacted on March 22, 1983, provided for an eighteen-month statute of limitations. Act 894 of 1985 amended § 37-245, and provided a two-year statute of limitations to recover charges for medical services performed or provided after March 31, 1985.

■■ As we have said before, where a special act applies to a particular case, it excludes the operation of a general act upon the same subject. *Williams* v. *City of Pine Bluff*, 284 Ark. 551, 683 S.W.2d 923 (1985), and *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984). Prior to § 37-245, actions brought to recover medical services were subject to the general limitation provisions governing (1) contracts not in writing (and open accounts) under Ark. Stat. Ann. § 37-206 (Repl. 1962) and (2) promissory notes and instruments (contracts) in writing under § 37-209. Under appellee's theory, § 37-209 applies instead of § 37-245 because appellant signed a written agreement to pay for the medical services rendered. It does so, appellee argues, because both § 37-209 and § 37-245 arguably apply under these circumstances, so the court must resolve the conflict by employing the statute with the longest limitation. Using this same logic, § 37-206, Arkansas's three-year general limitation statute, would apply in actions for medical service charges when no written contract (or open account) was involved — again because it has the longer period of limitation. Obviously, to accept such a construction of these two statutes would render the General Assembly's special enactment of § 37-245 meaningless since § 37-245 could never apply. Thus, to give § 37-245 the effect intended by the General Assembly, we reach the plain and simple conclusion that it intended § 37-245 to cover all actions brought to recover charges for medical services.

■ Appellee further contends that § 37-245 is inapplicable since it applies to a medical service provider and the Baptist Medical Center "does not provide medical services as such." Appellee offers no proof that the Baptist Medical Center is not a medical services provider, and, in fact, what evidence appellee did present runs counter to its contention. Appellee sued appellant on her debt which admittedly resulted from "services rendered by the hospital." Appellee attached to its complaint an itemized account that listed each service rendered and the charge for that service. Those services included neurological exams, x-rays, laboratory tests and medication. Under the circumstances presented here, we are unaware of any reason why the Baptist Medical Center should not be designated a medical service provider under the terms of § 37-245. Appellee fails to argue any legal authority to show the Baptist Medical Center is not a medical service provider, and because the record clearly demon-

strates otherwise, we conclude it is. We believe § 37-245 clearly is applicable to the situation before us.

Lastly, we consider appellee's argument that § 37-245 violates the equal protection clause because it treats physicians and other medical service providers differently than other creditors who enjoy a longer statute of limitations. Such legislative action creating different statutory periods within which actions must be commenced has been upheld as constitutional by this court. *See Owen* v. *Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976); *Carter* v. *Hartenstein*, 248 Ark. 1172, 455 S.W.2d 918 (1970). In *Owen*, we said the vital question is one of reasonableness, and the courts may not strike down a statute of limitations unless the period before the bar becomes effective is so short that it amounts to a virtual denial of the right itself or it can be said that the legislature has committed palpable error. Adhering to this test, we hold the limitation period in § 37-245 is both reasonable and constitutional.

Because we conclude the trial court should have applied § 37-245 as a bar to appellee's action against appellant, we reverse and dismiss.

HICKMAN, J., dissents.