Carroll GILBERT *v.* GILBERT TIMBER COMPANY, et al.

86-247                                     728 S.W.2d 507

Supreme Court of Arkansas
Opinion delivered May 4, 1987

*Art Anderson*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, for appellee.

STEELE HAYS, Justice. In this appeal of a workers' compensation case the Court of Appeals affirmed the Workers' Compensation Commission and we granted a petition for review of that decision.

Appellant Carroll Gilbert is the owner of Gilbert Timber Company and was injured when struck by a falling tree limb. At the time of the injury a workers' compensation policy issued by CIGNA was in effect. It was stipulated that Gilbert's business was a sole proprietorship.

CIGNA contends that Gilbert was not covered because he failed to comply with Ark. Stat. Ann. § 81-1302(b) (Supp. 1985),

which provides, in pertinent part:

> The term "employee" shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership and who elects to be included in the definition of "employee" by filing written notice thereof with the Division of Worker's Compensation.

The notice required under § 81-1302(b) is filed with the Commission on a form known as an A-18. Appellant never filed an A-18, either at the time of, or subsequent to, the issuance of the policy. However, he contends he was not required to file the form because of the following language contained in Ark. Stat. Ann. § 81-1320(a) (Supp. 1985):

> Provided, however that *any officer of a corporation or self-employed employer* who is not a subcontractor and who owns and operates his own business may by agreement or contract exclude himself from coverage or waive his right to coverage or compensation under the Act. [Emphasis added.]

Gilbert contends the term "self-employed employer" includes sole proprietors and he would therefore be eligible under the Act unless he waived coverage. He submits there is a conflict between the two statutes and the conflict should be resolved in his favor since he is the claimant. We find no conflict between the two statutes and affirm the Court of Appeals.

There is no definition in the Workers' Compensation Act of "self-employed employer," but the act, its history and our case law satisfy us that as used in § 81-1320, that phrase refers to corporate officers and does not include sole proprietors.

There was no express coverage of sole proprietors or partners until the 1979 amendment of § 81-1302 quoted above. Prior to that amendment, we held that sole proprietors and partners were not covered under the Act and one could not, as a sole proprietor or partner, qualify as an employee for coverage. Corporate officers however, could qualify. Unlike officers of a corporation, sole proprietors and partners are not separate entities and are in actual possession of the powers of the employer. *Brinkley Heavy Hauling Co.* v. *Youngman*, 223 Ark. 74, 264 S.W.2d 409 (1954). We concluded in *Brinkley* that, "For a person to be at once an

employer and an employee would manifestly involve the contradiction of liability to himself."

The two statutory provisions at issue in this case were passed subsequent to the *Brinkley* decision. The amended provision of § 81-1320, quoted earlier, was passed in 1971. The emergency clause to that amendment stated:

> It is hereby found that the present workers' compensation laws provide for coverage of self-employed employers, and that clarification thereof is necessary to enable officers of a corporation to exclude themselves from coverage under workers' compensation laws. . .

The 1979 amendment to § 81-1302 was added to the statute with the following emergency clause:

> It is hereby found and determined by the General Assembly that under the present workers' compensation law a sole proprietor or partner is not eligible to obtain compensation coverage for himself; that the inability to obtain such coverage is creating a serious hardship of such sole proprietors and partners as well as general contractors for whom they provide services; that this Act is designed to alleviate this problem by enabling such person to obtain workers' compensation coverage and should be given effect immediately.

Given the interpretation of the act prior to these amendments and reading the amendments together, along with the respective emergency clauses, it is clear that the term self-employed employer as used in § 81-1320 is surplusage—a synonym for corporate officers—and does not include sole proprietors and partners. Our prior interpretation of the Act in *Brinkley* did not find sole proprietors or partners eligible under the act and if they were to have been included within the term self-employed employers in the amendment to § 81-1320, there would have been no reason to later amend § 81-1302 to specifically provide for their eligibility. Furthermore, the legislature specifically stated in the emergency clause to the § 81-1302 amendment, that prior to that amendment sole proprietors and partners were not covered under the act. As there was no question that Gilbert was a sole proprietor, he would not fall within the provisions of § 81-1320,

but rather would be subject to the provisions of § 81-1302.

■■ There was some confusion in the arguments by both parties as to the effect of coming within the provisions of § 81-1320, and we point out the purpose of that statute for clarification. "This section was intended to protect employees against the archaic procedure so prevalent in the early history of Workers' Compensation Law, when unscrupulous employers were able to avoid compensation liability by the simple device and procedure of having the employee sign a contract waiving all rights to compensation in consideration of being employed." *Bryan v. Frod, Bacon & Davis*, 246 Ark. 327, 438 S.W.2d 472 (1969). The amendment to this statute in 1971 allowed certain persons in executive positions to waive coverage, but the implication is clear—the statute is designed for permissive waiver of coverage by executives and it does not confer employee status on such executives automatically. Whether a corporate officer is an employee for the purposes of the act is to be determined by the nature of the work and the circumstances of each case. *Fraternal Order of Eagles v. Kirby*, 6 Ark. App. 198, 639 S.W.2d 529 (1982); *Continental Insurance Company v. Richard*, 268 Ark. 671, 596 S.W.2d 332 (Ark. App. 1980). While we have no cases on this point, it would seem that under § 81-1302, one claiming eligibility for coverage as a sole proprietor or partner, would not automatically be covered by simply electing coverage, but in a particular case would have to show that he was in fact an employee.

Having determined that Gilbert does fall within § 81-1302, the remaining question is whether filing the A-18 form with the Workers' Compensation Commission is essential. Gilbert suggests it is not and there is some authority for this view. See, Larson, Workmen's Compensation, Vol. 4, § 92.25. However, we do not have to reach that question because even if Gilbert had filed, and was eligible for coverage under the Act, insurance coverage was never obtained.

Gilbert had a number of insurance policies, both personal and business, that he had obtained through an independent agent, Mike Powers. Gilbert decided he needed workers' compensation coverage and contacted him. Powers obtained coverage for Gilbert's business with Insurance Company of North America,

the predecessor in interest to CIGNA, through an assigned risk pool.

Powers testified he did not act as agent for CIGNA and had no authority to bind that company. He filled out the application form for Gilbert and signed his name to save time. In response to a question asking whether Gilbert wanted to be covered individually by workers' compensation insurance Powers answered "no." Powers testified he was in a hurry to get the application in and could not recall anything about checking the box or discussing coverage with Gilbert. Gilbert testified that he specifically requested that he get coverage for himself as well as his workers.

From the record before us there was no agency relationship between Powers and the insurance company. The evidence showed that the insurance carrier came from the assigned risk pool as provided by Ark. Stat. Ann. § 81-1309. In a similar case cited by appellee insurance company, we held that an agent securing coverage through an assigned risk pool, was not an agent for the carrier that was assigned coverage. *Manufacturers Insurance Co.* v. *Hughes*, 229 Ark. 503, 316 S.W.2d 827 (1958).

In that case we found a member of the assigned risk plan for automobile insurance did not take on an independent agent who obtained the coverage, as its own agent. We found language in the application and the regulations of the Insurance Commission that indicated such an agent was that of the insured. But we went on to say that this was in accord with reason and logic. "To hold otherwise would have the effect of making each licensed casualty insurance agent in the State of Arkansas, the potential general agent of every casualty company doing business in the state. How can one be a general agent for, issue a policy, or bind, a company that he has never heard of?"

On that basis, and with no evidence to the contrary, we find that CIGNA, as a member of the assigned risk pool, did not take on Powers as its agent and was not bound by anything Powers did or did not do. The insurance company therefore has no obligation to honor a claim for which it was never bound by contract for insurance coverage.

Affirmed.

GLAZE, J., not participating.