**Marvin CHEATHAM, Plaintiff,**

v.

**100% CERTAIN UNDERWRITERS AT LLOYDS (B. David Indrie), Defendant.**

**No. J–C–89–228.**

United States District Court, E.D. Arkansas, Jonesboro Division.

March 25, 1991.

John Henry, Harrisburg, Ark., for plaintiff.

Gregory T. Jones, Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

STEPHEN M. REASONER, Chief Judge.

Pending before the Court is defendant's motion for summary judgment filed October 9, 1990, in the above-referenced action. After an initial round of briefing, the Court ordered the parties to address the narrow issue of whether an independent agent (Kaffka) becomes an agent for plaintiff under the facts of this case. The sub-issue the parties were ordered to address in the Order dated October 31, 1990, was whether the independent agent's statements on the insurance application were binding on the plaintiff. Upon careful review of the defendant's supplemental brief in support of the motion for summary judgment, the plaintiff's statement of undisputed fact filed November 26, 1990, and the plaintiff's brief, the Court concludes that the defendant's motion for summary judgment should be granted.

Defendant's supplemental brief cites several cases for the general proposition that one who procures a policy of insurance for another to protect against a specific risk becomes the agent of the insured. The most recent case cited is *Manufacturers Cas. Ins. Co. v. Hughes*, 229 Ark. 503, 512, 316 S.W.2d 827 (1958). Defendant also cites *Travelers' Fire Insurance Co. v. Globe soap Co.*, 85 Ark. 169, 107 S.W. 386 (1908) (*see also Phoenix Insurance Co. v. State*, 76 Ark. 180, 88 S.W. 917 (1905); 2 Clark & Skyles on the Law of Agency, page 1720; Ostrander on Fire Insurance

(2d ed.), § 45, page 165; I Joyce on Insurance § 414).

Defendant's recent letter to the Court dated February 25, 1991 cited two decisions which defendant asserts resolve the issue. However, there is a distinction to be made in this case because the court in *Gilbert v. Gilbert Timber Co.*, 292 Ark. 124, 728 S.W.2d 507 (1987) and *Manufacturers*, cited earlier, relied on the fact that the agent secured coverage from an insurance carrier which was a member of an assigned risk pool. The *Gilbert* court cited the earlier case which relied on language in the application and regulations of the Insurance Commission that indicated that such an agent was that of the insured. *Id.* at 129, 728 S.W.2d at 509–10 (citing *Manufacturers Cas. Insurance Co. v. Hughes*, 229 Ark. 503, 316 S.W.2d 827 (1958)).

*Gilbert* involved an assigned risk pool for Worker's Compensation established pursuant to Ark.Code Ann. § 11–9–409, and *Manufacturers* involved the Arkansas Automobile Assigned Risk Plan. In both cases the Court acknowledged the impracticality and injustice of holding that the broker is an agent for the insurer rather than the insured where the insurer is required by law to participate in the assigned risk plan to do business in Arkansas. As the *Gilbert* court quoted from *Manufacturers*:

> To hold otherwise would be to the effect of making each licensed casualty insurance agent in the State of Arkansas, the potential general agent of every casualty company doing business in the state. How can one be a general agent for, issue a policy, or bind, a company that he has never heard of?

229 Ark. 503, 508, 316 S.W.2d 827.

While acknowledging the distinction between the cited cases and the present case, the Court is not convinced this is a distinction with a difference. Nevertheless, on the issue of agency, the more persuasive case cited by defendant is *Travelers Indemnity Company v. National Indemnity Company*, 292 F.2d 214 (8th Cir.1961), wherein the Court stated:

> There is no ironclad rule or standard for determining whether an insurance broker

represents the insurer or insured.... Sound authority supports the position, however, that a broker is primarily the agent of the person who first employs him, and where he is employed to procure insurance, *he is the agent of the person for whom the insurance is procured insofar as matters connected with the procurement are concerned.* Unless there are special conditions or circumstances in the case, he is not the agent of the insurer.... without some action on the part of the company or the existence of some facts from which his authority to represent it as agent may be fairly inferred.

*Id.* at 220 (citations omitted) (emphasis added).

The Court concludes that under the facts of this case, Kaffka was the plaintiff's agent and not the agent of defendant. This conclusion is buttressed by plaintiff's failure to submit a counter statement in response to defendant's statement of undisputed facts. Plaintiff thereby admitted the allegation that Kaffka was acting as agent for Cheatham and not for Lloyds. *United States v. Sealtite Corp.*, 739 F.Supp. 464, 467 (E.D.Ark.1990).

In fact, the only attempt made by plaintiff to rebut defendant's motion is to assert that the affidavits attached to defendant's motion were made by an interested party and should not be accepted without benefit of cross-examination. The appropriate tactic to attack defendant's affidavits would have been to schedule the affiants for deposition. To avoid summary judgment, plaintiff must set forth specific evidence demonstrating that there is a genuine issue for trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). Plaintiff may not simply rest on its allegations, but must come forward with some probative evidence showing there is a genuine issue for trial. *Id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Plaintiff has

failed to meet this requirement. The plaintiff's statement of undisputed fact filed November 26, 1990 does not improve his position.

 Having concluded that the independent agent in the present case was only an agent for the plaintiff, the Court must address the issue of whether the independent agent's statement's on the insurance application are binding on the plaintiff. *Gilbert*, cited earlier, and the second case cited in defendant's recent letter, *Twin City Bank v. Verex Assurance, Inc.*, 733 F.Supp. 67 (E.D.Ark.1990) require a finding that the statements or omissions of Kaffka should be imputed to plaintiff. The application contained a material omission; it indicated that plaintiff did not have any previous fire losses within the last five years. In her affidavit attached to defendant's motion for summary judgment, Reva Whitworth, Commercial Underwriter for Arkansas Surplus Lines during August and September of 1984, stated "had I known about Cheatham's fire loss history, I never would have agreed to underwrite the risk or submit his application to Lloyds.... The policy never would have been issued." (See affidavit of Reva Whitworth page 2).

The plaintiff experienced losses due to fires in 1983, 1979, and in the early 1980s (see deposition of plaintiff, pp. 75–85). The affidavit of Shannon Kaffka attached to defendant's motion for summary judgment establishes that his routine practice is to ask the applicant about previous fires, and that Cheatham failed to inform him of any. This statement is not refuted as required by *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2511.

It appears that plaintiff realizes the weakness of his present position and has chosen to address an issue not specified in the Court's Order filed November 1, 1990. The primary assertion contained in plaintiff's brief addresses the application filled out and signed by Kaffka and proposes that the second page, which contained the material omission, was not a part of the application and wasn't relied on by Lloyds in issuing a policy to plaintiff. The Court finds this argument without merit. Page two of the application is clearly part of the application.

The Court concludes that the policy is void *ab initio* and plaintiff is not entitled to coverage. Therefore, defendant's motion for summary judgment filed October 9, 1990, should be, and hereby is, granted.

IT IS SO ORDERED.