The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, Arkansas 72401
Dear Senator Bookout:
This is in response to your request for an opinion concerning coverage under Arkansas workers' compensation laws. Specifically, you note that there has been some confusion, caused by Act 941 of 1987, regarding the rights and obligations of coverage as between general contractors and subcontractors. Your three questions are as follows:
 1. Is a subcontractor required to waive coverage as to himself if he chooses not to be covered, or is the only action required of him a written notice of election to be included in coverage?
 2. If the subcontractor is exempt, either by waiver or failure to elect, and has one or more employees, must the general contractor cover these employees? Does the number of subcontractor employees affect this answer?
 3. Does the number of employees of a subcontractor affect his right to not elect or waive coverage for himself?
The answer to your first question may depend upon what form the subcontractor's business takes. It is clear, in my opinion, that if the subcontractor is a sole proprietorship or a partnership, the subcontractor is only required to file a written notice of election to be included in coverage.[1] See A.C.A. §11-9-102(2). Otherwise, he is not covered. See Gilbert v.Gilbert Timber Co., 292 Ark. 124, 728 S.W.2d 507 (1987).
If, however, the subcontracting entity is a corporation, and the "subcontractor" is an officer in this corporation, the issue is less clear. If such person is in fact an "employee" of the subcontractor corporation, it is possible that he is covered unless he waives coverage by agreement or contract as allowed by A.C.A. § 11-9-108(b)(1). It is arguable, however, that §11-9-108(b)(1) does not allow a subcontractor corporate officer to waive coverage for himself at all in such instances. This statute provides in subsection (a), that no agreement by an employee to waive his right to compensation shall be valid. This provision was intended to protect employees against unscrupulous employers who were able to avoid compensation liability by having potential employees sign an agreement waiving all rights to compensation. Bryan v. Frod, Bacon Davis, 246 Ark. 327,438 S.W.2d 472 (1969). Subsection (b) of the statute, however, also provides that:
 However, any officer of a corporation or self-employed employer[2] who is not a subcontractor and who owns and operates his own business may by agreement or contract exclude himself from coverage or waive his right to coverage or compensation under this chapter. [Emphasis added.]
Although it is a little unclear just why the emphasized language above was made a part of the statute, it appears that its effect, under a plain reading of the statute, is to deny corporate "employee" officers who are also subcontractors the right to waive coverage for themselves. Thus, a corporate subcontractor as "employer" is required to cover its "employees" under the act, and any agreement to exclude an "employee" including an officer of the corporation, would not appear to be valid under A.C.A. §11-9-108(a) because not excepted under subsection (b). The issue, as you note, however, is confusing, and perhaps legislative clarification is indicated.
In response to your second question, it is my opinion that if the subcontractor is a sole proprietor or a partner who has not elected coverage for himself under A.C.A. § 11-9-102(2), and if this subcontractor employs one or more employees, he is required by law to cover these employees himself. If he does not, however, A.C.A. § 11-9-402 (Cum. Supp. 1991) provides that the prime contractor shall be liable for compensation to the employees of this subcontractor. The number of employees of the subcontractor does not affect this answer.
The answer is the same if the subcontractor is a corporation. Section 11-9-402 makes the prime contractor liable to the "employees"[3] of the subcontractor if the corporate subcontractor has not secured compensation. This section of the statute makes no distinction between corporate and non-corporate subcontractors.
In response to your third question, it is my opinion that the number of employees of a subcontractor, if a sole proprietor or a partnership, does not affect the subcontractor's right to choose not to elect coverage for himself. He does not have to choose to elect to be covered, but may in his discretion choose to do so under A.C.A. § 11-9-102(2). As to corporate officer subcontractors, again, the issue is a little unclear, but it appears that as long as the corporation has one or more employees, a corporate officer of a corporate subcontractor may not waive coverage for himself.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] He may also have to prove, in a given case, that he is in fact an "employee." See Gilbert v. Gilbert Timber Co.,292 Ark. 124, 728 S.W.2d 507 (1987), at 128.
[2] It should be noted that the use of the term "self-employed employer" in this statute was held to be surplusage in Gilbert,supra. The term is simply a synonym for "corporate officers."
[3] I assume that by inquiring as to the coverage for "employees" of the subcontractor you do not refer to a corporate officer of the subcontractor.