James C. PLEDGER, Director of the Department
of Finance and Administration *v.* MID-STATE
CONSTRUCTION & MATERIALS, INC.

95-1130                                                925 S.W.2d 412

Supreme Court of Arkansas
Opinion delivered July 15, 1996
[Petition for rehearing denied September 30, 1996.]

*Beth B. Carson,* for appellant.

*Jack, Lyon & Jones, P.A.,* by: *Eugene G. Sayre,* for appellee.

ANDREE LAYTON ROAF, Justice. This case involves the "isolated sale" tax exemption found in Ark. Code Ann. § 26-52-401(17). The appellee, Mid-State Construction & Materials, Inc.,

("Mid-State") challenged the assessment of gross-receipts (sales) tax on used motor vehicles and trailers it purchased in a sale of assets from another company. The appellant, Department of Finance and Administration, ("DFA") appeals from a summary judgment awarded to Mid-State; the chancellor determined that the isolated-sale exemption applied to the sale of used vehicles by sellers who are not regularly engaged in the business of selling vehicles. We reverse the chancellor's finding of an exemption.

In March 1993, Mid-State purchased all of the assets of a corporation also named Mid-State, which was engaged in the business of highway construction, production of asphalt and concrete, and stone quarrying. The seller corporation changed its name after the sale and dissolved; Mid-State then assumed the name of the seller and continued the same business activities using the assets acquired from the now defunct corporation. The assets purchased included furniture, fixtures, supplies, equipment, and 75 used motor vehicles and trailers. When Mid-State attempted to register title to the motor vehicles and trailers, it was informed by DFA that sales taxes would have to be paid on the market value of these items. The other assets purchased by Mid-State in the asset sale were not taxed by DFA, pursuant to the isolated-sale tax exemption. Mid-State was assessed $80,849.00 in state and local sales taxes on the value of the motor vehicles and trailers.

In May 1993, Mid-State filed a claim for refund with DFA and asserted that the sale of the used vehicles was exempt as an isolated sale pursuant to Ark. Code Ann. § 26-52-401(17). DFA denied the refund on the basis that used vehicle sales were excluded from the isolated-sale exemption. Mid-State filed a complaint for refund in Pulaski County Chancery Court in August 1993. Both parties filed motions for summary judgment. The sole legal issue before the trial court was whether the isolated-sale exemption applied to the sale of used vehicles by sellers who are not regularly engaged in the business of selling vehicles.

Mid-State, in its motion for summary judgment, asserted that the sale of the used motor vehicles and trailers constituted an isolated sale within the meaning of § 26-52-401(17), that DFA's administrative practice of excluding used motor vehicles from the isolated-sale exemption was an erroneous and illegal interpretation of sales tax law, that DFA had erroneously and illegally interpreted § 6 of Act 3 of 1991 and that promulgation by DFA of gross-

receipts tax regulation GR-49(c) was erroneous and illegal and should be declared void.

DFA, in its motion for summary judgment and also in its response to the motion by Mid-State, contended that since 1959 the General Assembly has specifically intended that the isolated sale of used motor vehicles be subject to sales and use tax; DFA traced the history of relevant tax legislation from the 1941 Sales Tax Act forward in support of this contention. DFA further argued that a non-repealer clause in Act 3 of 1991 relied upon by Mid-State had no application to an exemption which had not existed since 1959. DFA also asserted that the General Assembly has established a statutory sales-and-use-tax scheme which addresses vehicles separately from other tangible personal property. DFA further argued that it had acted within its authority to promulgate regulation GR-49(c) to clarify this legislative intent, and to rectify certain errors which occurred in compiling the 1957 and 1959 Acts and in the codification of the Arkansas Statutes in 1987. DFA finally contended that an absurd and unconstitutional result would occur if Mid-State's motion for summary judgment were granted, because individual in-state sales of used vehicles would be exempt from sales tax while such vehicles purchased from out-of-state individuals would be taxable. DFA asserted that the complimentary nature of the sales and use tax would thus be destroyed.

In its findings of fact and conclusions of law entered on June 30, 1995, the trial court determined that there was no genuine issue as to any material fact. The trial court concluded that the General Assembly did not intend to prohibit the applicability of the isolated-sale exemption to the transfer by one corporation to another of title to used motor vehicles and used trailers in the factual setting of a one-time asset purchase. The trial court determined that DFA had exceeded its legislative grant of rule making authority in adopting gross-receipts regulation GR-49(c). The chancellor also found that while this suit was pending, the General Assembly had enacted legislation effective February 13, 1995, which expressly provides that the benefit of the isolated-sale exemption is not available for the transfer of title to used motor vehicles or used trailers. However, he concluded that despite language in an emergency clause to the contrary, the 1995 legislation was a change and not a clarification of existing law and should not be applied retroactively to the March 1993 purchase by Mid-State.

After granting Mid-State's motion for summary judgment and denying DFA's motion, the trial court entered judgment in favor of Mid-State and ordered DFA to refund the amount of state and local sales taxes paid, plus interest. The sole issue on appeal is whether, at the time of the purchase by Mid-State, gross receipts from the sale of a used vehicle by a person not in the business of selling vehicles were exempt from sales tax pursuant to the isolated-sale exemption provided in Ark. Code Ann. § 26-52-401(17).

■ In order to answer this question, we must outline, as did DFA, the development of the relevant law regarding both sales and use tax. In so doing, we keep in mind the following settled rules regarding summary judgment and review of tax-exemption cases. Summary judgment is a remedy that should be granted only when it is clear, as in this instance, that there is no genuine issue of material fact to be litigated. *Wyatt* v. *St. Paul Fire & Marine Ins. Co.*, 315 Ark. 547, 868 S.W.2d 505 (1995). On appellate review, this court must only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leaves a material question of fact unanswered. *Reynolds* v. *Shelter Mut. Ins. Co.*, 313 Ark. 145, 852 S.W.2d 799 (1993). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.*

■ In cases which involve a claim of tax exemption, it is well settled that a presumption exists in favor of the taxing power of the state, and a taxpayer has the burden of establishing the right to an exemption beyond a reasonable doubt. *Pledger* v. *Baldor Int'l Inc.*, 309 Ark. 30, 827 S.W.2d 646 (1992). Tax exemptions must be strictly construed against exemption, and to doubt is to deny the exemption. *Id.* In addition, this court has stated that tax-exemption cases are reviewed de novo, and the appellate court does not set aside the findings of the chancellor unless they are clearly erroneous. *Id.*

### 1941 Sales Tax Act

In 1941, the General Assembly enacted the "Arkansas Gross Receipts Act of 1941." This was the first state sales tax, and the Act provided for a 2 percent sales tax on the gross proceeds or gross receipts from all sales of "tangible personal property." The term "seller" was defined in the Act as "every person making a sale in an

established business;" DFA has always construed "established business" as the business of selling. The Act provided for the taxes to be collected and paid to the Commissioner of Revenues by the seller, except with respect to the sale of new automobiles; instead of being collected by the automobile dealer, sales taxes on new automobiles were to be collected from the buyer at the time the automobile license was issued.

The Act further listed some 19 exemptions, including two that are relevant to this discussion. The first exempted the "gross receipts or gross proceeds derived from isolated sales not made by an established business." This "isolated sale" exemption has remained since 1941, and can be found at Ark. Code Ann. § 26-52-401(17); this is the exemption which Mid-State is claiming for its 1993 purchase of the used vehicles and trailers. The second exempted the proceeds from the sale of "second-hand and used personal property" on which sales tax had once been paid, and also where the used property was traded in as part of the purchase price of other tangible property.

DFA asserts, and we agree, that the isolated-sale exemption had no relevance to the sale of vehicles in the 1941 legislation, because no sales tax was imposed on used vehicles, and new vehicles were sold only by dealers, who were not entitled to the exemption.

### Act 54 of 1945

In 1945, the General Assembly amended the 1941 Sales Tax Act to provide for the first time that used cars would be subject to the sales tax. The amendment provided that, as with new cars, the tax would not be collected by dealer, but would be paid at the time the vehicle license was issued. The 1945 act also contained two exemptions. The "registration exemption" applied to used cars which had been previously registered and taxed in Arkansas. The second exemption provided that "in no case shall the tax apply on a private sale of a used automobile where the seller is not engaged in business as a dealer." This exemption is referred to as the "private sale exemption," and would clearly be available to Mid-State if it were still in effect.

### Use Tax Act of 1949

In 1949, the legislature enacted a compensating-use tax of two percent, to prevent "discrimination in favor of those who made

purchases of personal property in this state." *Morley, Comm. of Rev. v. E.E. Barber Constr. Co.*, 220 Ark. 485, 248 S.W.2d 689 (1952). This Act provided a general exemption from use tax for property specifically exempted from sales taxes. Thus, the private sale and registration exemption from the 1945 Sales Tax Act would apply to also exempt from the use tax used vehicles bought from out-of-state sellers. This legislation made no change in the sales-tax exemptions.

### Act 19 of 1957

The only purpose of the 1957 Act was to increase the sales and use tax rate from two to three percent. This legislation made no substantive changes in either the sales or use tax statutes, however, the Act contained the following provision:

> Nothing in this Act shall be construed to repeal any exemption from the Arkansas Gross Receipts Act of 1941 or the Arkansas· Compensation Tax Act of 1949.

The private-sale exemption would thus still be available for a sale of a used vehicle by a non–dealer, after 1957.

### Act 260 of 1959

In 1959, the General Assembly amended the Gross Receipts statute to delete the exemption for the private sale of used vehicles. The registration exemption remained. The Use Tax statute was correspondingly amended to reflect the deletion of the private-sale exemption:

> Used Cars. All used cars shall, upon being registered in this state for the first time, be subject to the tax levied herein *irrespective of whether such car was purchased from a, dealer or an individual.*

(Emphasis added.)

In § 3 of Act 260, the. intent of the legislature is stated, and is clear and unequivocal:

> It is the intent and purpose of this Act to require that either the Arkansas Gross Receipts Tax levied by Act 386 of 1941, as amended, or the Compensating Tax levied by Act 487 of 1949, as amended, be paid upon *every used car*, excepting those cars upon which either the Arkansas Gross Receipts Tax or the Arkansas Compensating Tax has once been paid

as evidenced by previous registration in this State, *irrespective of whether such car was purchased from a dealer or from an individual.*

▮▮ DFA contends, and we agree, that as a result of the 1959 Act, all sales of used vehicles became taxable, and only the registration exemption remained. The primary rule in construing legislation is to ascertain and give effect to the intent of the legislature, and when the intent is clear, there is no room for other interpretation or construction. *Graham* v. *Forrest City Housing Auth.*, 304 Ark. 632, 803 S.W.2d 923 (1991). In this instance, the General Assembly specifically and clearly provided that the private sales of used automobiles would be exempt from sales tax in 1945. The legislature just as clearly repealed this exemption by amending the sales and use tax statutes in 1959. Moreover, it is a rule of statutory construction that when a special act applies to a particular case, it excludes the operation of a general act. *Ballheimer* v. *Service Finance Corp.*, 292 Ark. 92, 728 S.W.2d 178 (1987). Thus, the general isolated-sale exemption has never been applicable to the sale of used vehicles because the legislature included the private-sale exemption, which applied specifically to used vehicles, in the same Act which first imposed a sales tax on such vehicles.

### Codification Errors

DFA argues that Mid-State has based its claim of exemption in part upon certain codification errors involving the 1957 and 1959 Acts. Section 3 of act 260 of 1959, which clearly expressed the legislative intent that either sales or use tax be paid upon every used car except those previously registered and taxed in Arkansas, was never compiled, in either the sales or use tax statues. This statement of intent was included in the compiler's notes to the Use Tax statute, but was omitted from the notes to the sales tax section. *See* Ark. Stat. Ann. § 84-3105 and § 84-1903. Section 3 of Act 260 was also picked up by the codifier and included only in the use-tax section of the code as Ark. Code Ann. § 26-53-126(e)(1). Thus, although the private-sale exemption was deleted from the sales-tax statutes by the 1959 Act, this exemption was simply removed from the statute by the compiler; the language expressing the clear intent of the legislature that *all* used car sales be subject to sales or use tax except those entitled to the registration exemption was not included anywhere in the sales-tax statutes or in the subsequent sales-tax code provisions.

Mid-State also bases its claim for exemption upon the non-repealer statement included in the 1957 Act which simply raised the tax rates from 2 to 3 percent. This statement was not included in the Arkansas Statutes but was picked up by the codifiers of the 1987 Code, and included as a new subsection of the sales and use tax provisions. *See* Ark. Code Ann. § 26-52-510(d) and § 26-53-126(f). This provision states that "nothing in this section shall be construed to repeal any exemption from the Arkansas Gross Receipt Act § 26-52-101, et seq." DFA argues that the provision is extraneous, if not erroneous. Mid-State claims that this is evidence of the legislature's intent that the isolated-sale exemption for 1941 not be repealed with regard to the sales of used vehicles. We agree that the inclusion of the non-repealer section from the 1957 Act, which only raised the tax rates, can in no way support a claim of exemption which was specifically and clearly repealed by the legislature in 1959. The legislature also anticipated that such errors would occur when the Arkansas Statutes were codified in 1987. Arkansas Code Annotated § 1-2-103 (Repl. 1996), provides that all acts, codes, and statutes in effect on December 31, 1987 are repealed by the 1987 Arkansas Code unless:

(1) Expressly continued by specific provision of this Code;

(2) *Omitted improperly or erroneously as a consequence of compilation, revision, or both, of the laws enacted prior to this Code,* including without limitation any omissions that may have occurred during the compilations, revision, or both, of the laws comprising this Code; or

(3) *Omitted, changed, or modified* by the Arkansas Code Revision Commission, *or its predecessors,* in a manner not authorized by the laws or the constitutions of Arkansas in effect at the time of the omission, change, or modification.

(b) In the event one of the above exceptions should be applicable, *the law as it existed on December 31, 1987, shall continue to be valid, effective, and controlling.*

(Emphasis added.)

### Act 3 of 1991

In 1991, the registration exemption was repealed. A non-repealer statement was included in this act.

Again, the non-repealer statement included in this legislation could not serve to resurrect an exemption which the legislature had clearly and specifically repealed thirty-two years before the 1991 Act.

### Act 268 of 1995

The legislature amended both the sales and use tax statutes in 1995 to provide: "The exemption provided for in § 26-52-401 for isolated sales shall not apply to the sale of motor vehicles, trailers and semitrailers." The emergency clause contained in the Act stated:

> It is hereby found . . . that current law disallows the isolated sales exemption to a purchase of a motor vehicle or trailer; [the sales and use tax] provisions are in need of clarification to ensure the original legislative intent is fulfilled; and that Sections 6 and 7 of the Act should be effective immediately to prevent possible confusion among the taxpayers of the state.

The trial court determined that this amendment was a remedy available to the legislature at any time it saw the need to remove confusion in the existing statutes, and therefore could not serve to retroactively state the legislative intent of prior legislative sessions. We do not agree that Act 268 of 1995 is an attempt by the legislature to retroactively change existing law.

We have stated that the amendment of an act does not control the interpretation of another statute enacted prior to the amendment, nor does it change the meaning which the original statute acquired prior to the amendment. *Peterson Produce Co. v. Cheney, Commr.*, 237 Ark. 600, 374 S.W.2d 809 (1964). Further, the legislature can prospectively change the tax laws of this state, within constitutional limitations, but it does not have the power or authority to retrospectively abrogate judicial pronouncements of the courts of this State by a legislative interpretation of the law. *Federal Express Corp. v. Skelton*, 265 Ark. 187, 578 S.W.2d 1 (1979). However, we can look to changes to statutes made by subsequent amendments to determine legislative intent. *State Farm Mut. Auto. Ins. Co. v. Beavers*, 321 Ark. 292, 901 S.W.2d 13 (1995). In *Baldor Int'l Inc., supra*, we stated that the General Assembly, in enacting a 1985 Act, did not change the prior law but merely intended to clarify it and, therefore, the chancellor did not err in considering

the subsequent act. We conclude that here, the legislature has merely clarified the law as it has existed since 1959.

■ We hold that it has been the clear intent of the General Assembly since 1959 that the private sale of used motor vehicles be subject to the sales tax, and that the general isolated-sales exemption has no application to such sales. We conclude that Mid-State did not meet its burden of establishing the right to this exemption beyond a reasonable doubt. The trial court in this instance erred in granting summary judgment to Mid-State, and should have granted DFA's motion for summary judgment.

Because we hold that the legislature did not intend that the isolated-sale exemption be applied to the private sale of used vehicles, we need not consider whether DFA acted within its authority in promulgating regulation GR-49(c) or whether an unconstitutional and absurd result would occur if Mid-State is determined to be entitled to this exemption.

Reversed and remanded.

DUDLEY, J., not participating.