The Honorable Jerry Don Ramey Prosecuting Attorney Fifteenth Judicial District 314 North 2nd, P.O. Box 381 Dardanelle, AR 72834
Dear Mr. Ramey:
You have requested an Attorney General opinion in response to the following question:
 Must the activities listed in A.C.A. § 17-49-104(a)(10), beginning with the term "flea markets" be school-related in order to be exempt from the licensing and other requirements that are applicable to transient merchants?
The intent of the legislature with regard to A.C.A. § 17-49-104(a)(10) is not clear. Although the language of this provision is not particularly ambiguous, the title and the emergency clause of the Act in which this provision was passed do give rise to some questions as to the scope of the provision. These questions can only be resolved by way of legislative clarification or judicial interpretation. Any party by whom this provision may be affected should be aware that until such judicial or legislative clarification is rendered, this provision could give rise to a disparity of interpretations.
Until such clarification is forthcoming, it is my opinion (based upon the available rules of statutory interpretation) that the activities listed in A.C.A. § 17-49-104(a)(10), beginning with the term "flea markets," need not be school-related in order to be exempt.
A.C.A. § 17-49-104(a)(10) states:
(a) The provisions of this subchapter shall not apply to:
* * *
 (10) School-sponsored bazaars and sales, concessions at school athletic and other events, and sales of paraphernalia used in the celebration of any nationally recognized holiday or used in connection with any public school, university, or college-related activities, flea markets, retail fireworks establishments, gun shows, sales by charitable organizations, sales of coins, and expositions sponsored by government entities or by nonprofit trade associations.
A.C.A. § 17-49-104(a)(10).
This statute is a part of the Transient Merchant Licensing Act. The original portions of that Act were passed in the regular session of 1983 as Act 587. The above-quoted section [A.C.A. § 17-49-104(a)(10)] was added to the Transient Merchant Licensing Act by Act 113 of 1983 (1st
Extraordinary Session). Questions as to the scope of this amending act arise out of the emergency clause and title of that act. The emergency clause of the amending act stated:
 It is hereby found and determined by the General Assembly that the provisions of Act 587 of 1983 are unreasonably broad and cover business enterprises never contemplated or intended; that if strictly interpreted and enforced, the Act as passed would severely restrict the opportunity for schools and school organizations to raise funds through bazaars and sales; that it is impractical to apply such Act to sales conducted by charitable organizations; that this Act is designed to clarify such law and to exempt certain types of sales from the application of the Act. . . .
Acts 1983, No. 113 (1st Ex. Sess.), Emergency Clause.
The title of the Act was as follows:
 An Act to Amend Section 4 of Act 587 of 1983 to Exempt from the Transient Merchant Licensing Act School Sponsored Bazaars and Sales by Schools in Order to Eliminate an Unfair Financial Burden on Schools, and Thereby Allow the Schools to Spend Such Savings on Items and Services That Will Help Meet Minimum Standards; and for Other Purposes.
Acts 1983, No. 113 (1st Ex. Sess.), Title.
Although it is true that the foregoing emergency clause and title of Act 113 of 1983 seem to indicate that the amendment was intended to be aimed at creating an exemption for school-related sales, the language of the Act listing activities that are commonly understood to be non-school-related activities appears to indicate otherwise. Moreover, although the emergency clause and title of acts can be persuasive in interpreting legislation, the Arkansas Supreme Court has held that they should be referred to in determining legislative intent only in situations where the language of the act itself is ambiguous. Quinney v.Pittman, 320 Ark. 177, 895 S.W.2d 538 (1995); Routh Wrecker Service v.Wins, 312 Ark. 123, 847 S.W.2d 707 (1993); Farm Bureau Mutual Ins. Co.v. Wright, 285 Ark. 228, 686 S.W.2d 778 (1985).
Indeed, the court has repeatedly stated that the most basic rule of statutory construction is to give effect to the intent of the legislature, see, e.g., Ford Motor Credit Co. v. Ellison, 334 Ark. 357,974 S.W.2d 464 (1998), and that the primary source for determining that intent is the language of the statute, where such language is unambiguous. See, e.g., Pledger v. Mid-State Const. Materials,325 Ark. 388, 925 S.W.2d 412 (1996).
Accordingly, because the language of A.C.A. § 17-49-104(a)(10) is not ambiguous in and of itself, I must interpret it just as it reads, giving the words their commonly understood meanings. Leathers v. Cotton,332 Ark. 49, 961 S.W.2d 32 (1998).
Activities such as flea markets, retail fireworks sales, gun shows, sales by charitable organizations, sales of coins, and expositions sponsored by government entities or by nonprofit trade associations are not commonly understood to entail any relation to school activities.
Moreover, as constructed, each clause of A.C.A. § 17-49-104(a)(10) that is separated by a comma from the other phrases sets forth a separate and discreet category of activity that has no relation to the other listed activities with regard to the exemption granted by the initial clause. That is, each such listed activity is granted an exemption by the initial clause. This interpretation is consistent with the approach that has been taken by the Arkansas Supreme Court in cases involving the placement of commas. See, e.g., McCoy v. Walker, 317 Ark. 86, 876 S.W.2d 252 (1994);Richardson v. State, 314 Ark. 512, 863 S.W.2d 512 (1993); Hanford ProduceCo. v. Clemmons, 242 Ark. 240, 412 S.W.2d 828 (1967) (Fogleman, J., dissenting). It is also consistent with scholarly authority on statutory construction. See 1A Sutherland Statutory Construction, § 21.15.
Under this interpretation, the activities listed in A.C.A. §17-49-104(a)(10) beginning with the term "flea markets" need not be school-related in order to be exempt. Therefore, each of the following activities is exempt under A.C.A. § 17-49-104(a)(10): flea markets, retail fireworks establishments, gun shows, sales by charitable organizations, sales of coins, and expositions sponsored by government entities or by nonprofit trade associations.[1]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
cc: Kelly Adkins, Deputy Prosecuting Attorney
[1] It is also my opinion that "sales of paraphernalia used in the celebration of any nationally recognized holiday" need not be school-related in order to be exempt under A.C.A. § 17-49-104(a)(10). I base this conclusion on the fact that this activity is separated by the disjunctive word "or" from the remainder of the phrase making reference to school activities. See 1A Sutherland Statutory Construction, § 21.14.