The Honorable Bobby L. Glover State Senator Post Office Box 1 Carlisle, Arkansas 72024-0001
Dear Senator Glover:
I am writing in response to your request for an opinion on the interpretation of Acts 398 and 547 of 2007. Each act relates to worker's compensation coverage. Specifically, Act 398 amends a provision in the law relating to residential building contractors that requires such contractors to obtain workers' compensation coverage. See A.C.A. §17-25-514. The other Act, Act 546 of 2007, amends a provision in the "Workers' Compensation Law," addressing workers' compensation coverage of sole proprietors, partners and members of limited liability companies. Your question relating to these two new Acts is as follows:
 Since Arkansas Code § 11-9-401 requires workers' compensation coverage only for "employees" and Act 546 of 2007: (1) removes "a sole proprietor, partner, or member who devotes full time to the proprietorship, partnership, or limited liability company" from the definition of an employee; and (2) authorizes a contractor that owns or operates a business to exclude himself or herself from workers' compensation coverage, can the Residential Building Contractors Committee require a contractor with no employees that excludes himself or herself from workers' compensation coverage under Arkansas Code § 11-9-108 to obtain and furnish current workers' compensation coverage in order to be licensed under Arkansas Code § 17-25-514? *Page 2 
RESPONSE
It is my opinion that the answer to your question is "yes."
The first Act, Act 398 of 2007, amended a provision in the subchapter requiring licensure of residential building contractors. That subchapter was originally adopted in 1999 (see Acts 1999, No. 950), codified at A.C.A. §§ 17-25-501 — 513 (Repl. 2001 and Supp. 2007). In 2005, a new provision was added to the subchapter to require residential building contractors to acquire workers' compensation coverage. See A.C.A. §17-25-514, as added by Acts 1711 of 2005. Act 398 of 2007 deleted former subsection (b)(2) of the 2005 law, as follows:
 17-25-514. Workers' compensation required.
 (a) A residential building contractor required to be licensed by the Residential Building Contractors Committee shall secure the payment of workers' compensation under § 11-9-401 et seq.
 (b)(1) The committee shall require proof of current workers' compensation coverage before issuing or renewing a license.
 (b)(2) If a residential building contractor is not required to secure payment of workers' compensation, a current certification of noncoverage issued by the Workers' Compensation Commission shall be submitted to the committee with the application for a license or renewal of a license.
 (c)(1) If a contractor fails to maintain workers' compensation coverage, the committee shall revoke the contractor's license.
 (2) A contractor's license that has been revoked due to failure to maintain workers' compensation coverage may be reinstated upon receipt of proof that the contractor has secured workers' compensation coverage.
 (d) The committee shall promulgate rules necessary to enforce this section.
A.C.A. § 17-25-514. *Page 3 
Act 546 of 2007, on the other hand, is entitled "An Act To Give a Sole Proprietor, Partner, Professional Association Member, or Limited Liability Company Member the Same Right to Waive Workers' Compensation Coverage as a Sole Proprietor and a Corporate Officer; and For Other Purposes."[1] Act 546, as noted above, amended two separate provisions in the Workers' Compensation Law — the definitional section (A.C.A. §11-9-102), and a section relating to the waiver of workers' compensation coverage (A.C.A. § 11-9-108). Section 2 of Act 546 deleted the following subsections from the definitional section:
 (9)(A) "Employee" means any person, including a minor, whether lawfully or unlawfully employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business, profession, or occupation of his or her employer and excluding one who is required to perform work for a municipality or county or the state or federal government upon having been convicted of a criminal offense or while incarcerated.
 (B) The term "e m p l o y e e" shall also include a sole proprietor, partner, or member who devotes full time to the proprietorship, partnership, or limited liability company. However, any sole proprietor, partner of a partnership, or member of a limited liability company who desires not to be included in the definition of "employee" may file for and receive a certification of noncoverage under this chapter from the commission.
 * * * (D)(C) Any individual holding from the commission a current certification of noncoverage under this chapter shall be conclusively presumed not to be an employee for purposes of this *Page 4 
chapter or otherwise during the term of his or her certification or any renewals thereof or until he or she elects otherwise, whichever time period is shorter.
 (E) No election by a sole proprietor, partnership, or limited liability company under this subdivision (9) shall affect the rights or the coverage under this chapter of any employees of those sole proprietors, partners, or members.
Act 546 of 2007 also added some language to A.C.A. § 11-9-108, the waiver provision, as follows:
 (a) No agreement by an employee to waive his or her right to compensation shall be valid, and no contract, regulation, or device whatsoever shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this chapter, except as specifically provided elsewhere in this chapter.
 (b)(1) However, any officer of a corporation, sole proprietor, partner of a partnership, member of a limited liability company, member of a professional association, or self-employed employer who is not a subcontractor and who owns and operates his or her own business may by agreement or contract exclude himself or herself from coverage or waive his or her right to coverage or compensation under this chapter.
 (2) If the exclusion from coverage of the officer of a corporation, sole proprietor, partner of a partnership, member of a limited liability company member of a professional association, or self-employed employer reduces the number of employees of the business to less fewer than three (3), the employer shall nevertheless continue to provide workers' compensation coverage for the employees.
Your question is whether the Residential Building Contractors Committee can require a residential home builder to obtain workers' compensation coverage under A.C.A. § 17-25-514, as amended, where he has no employees and elects to exclude himself from coverage under the above provision, as amended by Act 546. *Page 5 
It is my opinion that the answer to this question is "yes." Several factors support this conclusion.
First, in my opinion the intent of the first Act, Act 398, is clear. The language of the Act deleted any reference to non-coverage of the residential building contractor and expresses an intention to require workers' compensation coverage without regard to the non-coverage or exclusion of the builder. The primary rule in construing legislation is to ascertain and give effect to the intent of the legislature, and when the intent is clear, there is no room for other interpretation or construction. Pledger v. Mid-State Construction Materials, Inc.,325 Ark. 388, 395, 925 S.W.2d 412 (1996).
Second, Act 398 is the more specific law. It relates specifically to residential building contractors, as opposed to Act 546, which is a more general law relating to sole proprietors, partners, etc., generally. It is a rule of statutory construction that when a special act applies to a particular case, it excludes the operation of a general act. Id., citingBallheimer v. Service Finance Corp., 292 Ark. 92, 728 S.W.2d 178 (1987). In my opinion, additionally, this rule takes precedence over another general rule of statutory construction that the provisions of an act adopted later in time repeal the conflicting provisions of an earlier act. See, e.g., Daniels v. City of Fort Smith, 268 Ark. 157, 594 S.W.2d 238
(1980). Act 546 was signed after Act 398 (March 28, 2007 as opposed to March 22, 2007). See also A.C.A. § 1-2-207(b). This rule, however, applies only in the event of "irreconcilable conflicts." I find no irreconcilable conflict between the two acts, as Act 398 clearly addressed a more particular subject matter than Act 546.
Third, the interpretation of a statute by an administrative agency is highly persuasive and will not be overturned unless it is clearly wrong.Cloverleaf Express v. Fouts, 91 Ark. App. 4, 207 S.W.3d 576 (2005).See also, Ford v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999). The Workers' Compensation Commission, the Arkansas Insurance Department, and the Contractors Licensing Board apparently interpret A.C.A. § 17-25-514
as requiring workers' compensation coverage even though the residential building contractor excludes himself from coverage and has no other employees. In this regard, a "Joint Bulletin" of the three listed agencies, issued August 20, 2007 (after the effective date of both Acts 398 and 546), states that "Act 398 of 2007 mandates residential contractors to provide proof of workers' compensation coverage as a condition of licensure or renewal of an existing license." The Bulletin states that "[t]his change was made to ensure that a policy of workers' compensation insurance is present on every job." The Bulletin *Page 6 
also states that "[a] residential contractor who is a sole proprietor, partner of a partnership, member of a limited liability company, member of a professional association, a self-employed employer, or an officer of a corporation may purchase a workers' compensation policy and exclude himself or herself from coverage through the insurance contract." In the "Questions and Answers" section of the Bulletin, the first question and answer state as follows:
 Why do I have to buy a policy that covers no one since I exclude myself and have no employees? (You may hear this called a minimum premium policy, a blanket policy, a flat policy, a policy so I can get my license, etc.)
 This is a "minimum premium policy" which means it is issued showing little or no actual payroll and the established premium is developed to cover the cost of issuing the policy and conducting the final audit. However, these policies will be audited at the end of the policy period and if more payroll is found for employees or uninsured subcontractors, you will be charged. ALL workers' compensation policies are audited at the end of the policy. Proper bookkeeping may reduce your final audits.
 This policy protects the residential contractor from unexpected liability if an injured worker is ruled to be an employee of the contractor. For example: You, the contractor, have an uninsured subcontractor who brings someone onto the job who gets hurt. Under the law, you probably would be held responsible to pay the claim, but you have this policy that will protect you.
 It also protects all people who may be injured on the job by making sure there is a workers' compensation policy in force at the job site.
Joint Bulletin at 2-3 (available at www.insurance.arkansas.gov).
It is clear, in my opinion, that the affected agencies interpret Act 398 as requiring workers' compensation coverage for even a sole proprietor residential building contractor with no employees who chooses to exclude himself. This appears to be *Page 7 
the plain intention of Act 398 and this is how it is interpreted by the affected agencies. This interpretation will be upheld unless is it "clearly wrong." I cannot state that it is "clearly wrong."
The intention of Act 546, on the other hand, is not entirely clear, other than what may be gleaned from its title "An Act To Give a Sole Proprietor, Partner, Professional Association Member, or Limited Liability Company Member the Same Right to Waive Workers' Compensation Coverage as a Sole Proprietor and a Corporate Officer; and For Other Purposes." It appears that the effect of this Act is to allow the listed types of business entities to exclude themselves from coverage in the same manner as corporate officers (at the inception of the insurance contract, by agreement with the carrier), rather than having these persons obtain certificates of "noncoverage" from the Workers' Compensation Commission as under prior law. You state that Act 546 removes the listed entities from the definition of an "employee" and allows them to exclude themselves from coverage. You therefore inquire how the Residential Building Contractors Committee can require such coverage where the contractor has no other employees.
It is not entirely clear to me, as an initial matter, that each of the listed entities is removed from the definition of an "employee" under Act 546. The specific language addressing these types of business entities is in fact deleted from the definition, but that action merely leaves the general, broad definition of "employee" in place.
Some background and history of the treatment of sole proprietors and partners under the Workers' Compensation Law may be helpful in determining the effect of Act 546 in this regard.
The language of former A.C.A. § 11-9-102(9)(B), regarding sole proprietors and partners, was added to the Workers" Compensation Law byAct 119 of 1979. Prior to this law, there was no express coverage of sole proprietors or partners because prior to the 1979 Act, the Arkansas Supreme Court had held that sole proprietors and partners were not covered and could not qualify for coverage under the Workers' Compensation law. Gilbert v. Gilbert Timber Company, supra, at 126-127. Corporate officers could qualify, however. Id. The reason for the distinction was explained as follows: "Unlike officers of a corporation, sole proprietors and partners are not separate entities and are in actual possession of the powers of the employer. Id. citing Brinkley HeavyHauling Company v. Youngman, 223 Ark. 74, 264 S.W.2d 409 (1954). The court in Brinkley stated that "For a person to be at once an employer and an employee would manifestly involve the contradiction of *Page 8 
liability to himself." Sole proprietors and partners were thus, prior to 1979, not within the general definition of an "employee" for purposes of workers' compensation law. See A.C.A. 11-9-102 (9)(A) (describing an employee as "any person . . . whether lawfully or unlawfully employed in the service of an employer . . .").
This state of the law eventually led to the adoption of Act 119 of 1979, which added the language concerning sole proprietors and partners to the definition of "employee" in the Workers' Compensation Law. The 1979 law stated that the term "employee" would include a sole proprietor or partner who: 1) devotes full time to the business and 2) who elects to be included in the definition by filing written notice with the Division of Workers' Compensation.
This state of the law remained until the passage of Act 796 of 1993, which comprehensively revised workers' compensation law. The 1993 Act amended the definition of "employee" to state that:
 The term "employee" shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership. Further, however, it is to be understood that any sole proprietor or partner of a partnership who desires not to be included in the definition of employee may file for and receive a "Certification of Non-Coverage Under the Workers' Compensation Act" from the commission and thereafter, or until he or they elect(s) otherwise, be conclusively presumed not to be an "employee" for purposes of the act."
"Certificates of Non-Coverage" were thus devised by the 1993 Act for sole proprietors and partners.[2] See generally, Garcia v. A MRoofing, 89 Ark. App. 251, 202 S.W.2d 532 (2005) and Cloverleaf Express,supra. Rather than having to "elect i n" by filing with the Division of Workers' Compensation under 1979 law, such persons were covered under the 1993 law unless they obtained a certificate of non-coverage.[3] *Page 9 
Act 546 of 2007 has now repealed the portion of 11-9-102 making sole proprietors, partners and members of limited liability companies "employees" and allowing them to obtain certificates of non-coverage.[4]
The Act instead moves such persons over to A.C.A. § 11-9-108 (alongside corporate officers), and allows them to exclude themselves by contract, at the inception of the insurance coverage with the carrier.Act 546 of 2007 also includes members of "professional associations" to the list of entities allowed to exclude themselves. It is not clear to me, however, that all the listed entities are, as you assert, "remove[d] . . . from the definition of "employee" under the Act. To the extent any of these entities involve a legal entity "employer" separate from the person sought to be excluded, the person may nonetheless fit within the general definition of an "employee." See generally, Gilbert v. GilbertTimber Company, 292 Ark. 124, 728 S.W.2d 507 (1987) and Brinkley HeavyHauling Company v. Youngman, 223 Ark. 74, 264 S.W.2d 409 (1954). Again, it was originally necessary to allow corporate officers to exclude themselves from coverage under A.C.A. § 11-9-108 because they were employed by a separate legal entity, a corporation, making them fall within the general definition of "employee" in A.C.A. § 11-9-102. SeeGilbert and Brinkley, supra.
Similarly, limited liability companies and "professional associations" appear to be legal entities separate from their shareholders or members.See e.g., A.C.A. §§ 4-32-101 — t o 1316 (describing the powers and duties of limited liability companies) and A.C.A. § 4-29-204 (making the Arkansas Business Corporation Act applicable to professional corporations or "professional associations"). If not excluded, therefore, the members of these two types of business entities, depending upon the facts, might fall within the general definition of "employee" for workers' compensation purposes. They thus may be within the general definition of "employee" and Act 546 therefore allows them to exclude themselves under A.C.A. § 11-9-108.
Sole proprietors and partners, on the other hand, absent any special statutory provision including them, have not been deemed separate entities from their proprietorships and partnerships for purposes of workers' compensation laws. See Gilbert and Brinkley, supra. They did not, prior to the express 1979 amendment *Page 10 
of the statute, fall within the general definition of an "employee." That is why it was necessary to add a statutory provision in 1979 to expressly provide for their inclusion. Act 546 repeals this 1979 provision. It appears, therefore, that sole proprietors and partners are again, as before 1979, not within the definition of an "employee" for purposes of A.C.A. § 11-9-102(9)(A).[5]
Sole proprietors and partners may thus not be "employees" for purposes of workers' compensation law under Act 546, and, as you note, may exclude themselves from coverage under A.C.A. § 11-9-108. Even so, in my opinion, Act 398 is the controlling law for purposes of your question. It, as noted above, unambiguously requires workers' compensation coverage under the circumstances you describe.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The last reference to a "Sole Proprietor and a Corporate Officer" presumably was intended to refer instead to a "Self-Employed Employer and a Corporate Officer." See A.C.A. § 11-9-108, which formerly allowed only certain officers of corporations and "self-employed employers" to exclude themselves from workers' compensation coverage. The words "self-employed employer," as used in A.C.A. § 11-9-108, however, have been held to be surplusage, and the statute has been interpreted to refer only to corporate officers. See Gilbert v. Gilbert Timber Company, 292 Ark. 124,728 S.W.2d 507 (1987).
[2] Limited liability companies were later added to the subsection.See Acts 1997, No. 479. In addition, "qualified real estate agents" were excluded from the definition of "employee" and were originally allowed to obtain certificates of non-coverage. Acts 1995 No. 919. Act 832 of 1997
later repealed the necessity of certificates of non-coverage for such certain real estate agents.
[3] It is clear that such certificates cover only the sole proprietor or partner and do not also exclude any employees of the business.Id.
[4] Other references to certificates of non-coverage appearing elsewhere in the Arkansas Code were, however, apparently not harmonized with Act 546's repeal of the 1979 provision. See e.g., A.C.A. § 11-9-402.
[5] It is difficult to determine, if these latter persons are not "employees" in the first instance for purposes of workers' compensation laws, why it is necessary for Act 546 to allow them to exclude themselves under A.C.A. § 11-9-108's "waiver" provisions. In addition, after the effective date of Act 546, it is difficult to understand why references to "certificates of non-coverage" remain in other portions of workers' compensation laws, see n. 4, supra, if the requirement of such certificates as to sole proprietors, partners and limited liability companies (the only parties for whom these certificates were originally created), has been repealed by Act 546. Difficulty is thus presented in determining the exact effect or operation of Act 546 of 2007.