Lloyd COX, V.F.W. Post 7516 *v.* CITY OF CADDO VALLEY, Arkansas, et al.

90-251                                    806 S.W.2d 6

Supreme Court of Arkansas
Opinion delivered April 1, 1991

*Q. Byrum Hurst, Jr.*, for appellant.

*Henry Morgan*, for appellee.

TOM GLAZE, Justice. This appeal concerns the validity of the Town of Caddo Valley's ordinance number 80-5, which controlled the licensing and taxing of private clubs serving intoxicating liquors within the town. Ordinance 80-5 required a permit at an annual fee of $250.00 from private clubs serving alcoholic beverages and levied a five percent supplemental tax upon private clubs' gross receipts derived from charges to members for alcoholic beverages. The ordinance was passed in 1980 pursuant to Ark. Stat. Ann. § 48-1410(b)(2) (Repl. 1977), which gave cities and incorporated towns the authority to levy a permit fee "and/or" supplemental tax in addition to the fee and tax levied by the state. When this statutory provision was codified in 1987, the "and/or" was replaced with "or". Ark. Code Ann. § 3-9-223(f) (1987).

Because of this change, the appellant claimed that the town only had authority to collect either a permit fee or supplemental tax. The appellee, Caddo Valley, requested that the appellee Arkansas Beverage Control Commission assist in the collection of the appellant's unpaid fees and taxes, and the Commission held a hearing and ruled to suspend the appellant's license. Appellant filed suit against the appellees, and the parties stipulated that the

town was entitled to the five percent supplemental tax leaving the sole issue of the validity of the permit fee before the trial court. The trial court ruled that the permit fee was valid and that the scriveners had omitted a portion of § 48-1410(b)(2) during the codification, so the original statute governed. We agree, and therefore affirm.

The original statute relied on by the Town of Caddo Valley provided in pertinent part the following:

> (I)n addition to the fee and/or supplemental tax as levied herein, any city or incorporated town, or any county in which the permitted premises are located, if located outside the limits of a city or incorporated town, may levy an additional permit fee *and/or* supplemental tax not to exceed one half (¹/₂) of the amount the fee or rate provided in this Section. . . . (Emphasis added.)

Act 1016 of 1976; Ark. Stat. Ann. § 48-1410(b)(2) (Repl. 1977). While other amendments were made to this 1976 Act in the years following, the language cited above was never changed. In fact, as late as 1987, the general assembly passed Act 949 which authorized a city or incorporated town to levy an additional permit fee and/or supplemental tax.[1] However, after codification, the current provision reads "may levy an additional permit fee *or* supplemental tax". Ark. Code Ann. § 3-9-223(f). Clearly, this wording change affects the meaning of the statute and provides the basis for appellant's argument here that the town cannot charge both an additional permit fee and supplemental tax.

■■ While it is stated that all acts and statutes in effect on December 31, 1987, were repealed by the codification and reenactment of the Arkansas laws, exceptions are provided, and when applicable, the law as it existed on December 31, 1987, shall continue to be controlling. Ark. Code Ann. § 1-2-103 (1987). One such exception occurs if the act or statute is omitted, changed, or modified by the Arkansas Code Revision Commission in a

---

[1] In passing Act 949 of 1987, the general assembly reenacted Act 1016 of 1976, because of this court's holding in *Ricarte* v. *State*, 290 Ark. 100, 717 S.W.2d 488 (1986), which questioned the validity of the extended session of the legislature in 1976.

manner not authorized by the laws or the constitutions of Arkansas in effect at the time of the omission, change, or modification. Ark. Code Ann. § 1-2-103(a)(3). The Arkansas Code Revision Commission's use of "or" instead of the language of the Act "and/or" fits this exception. Accordingly, Ark. Stat. Ann. § 48-1410 is still controlling and under ordinance 80-5, the appellant must pay the town's additional permit fee as well as the supplemental tax.

For the reasons stated above, we affirm.