The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116-5232
Dear Representative Vess:
This is in response to your request for an opinion on the following questions concerning a city operating under the city manager form of government:
 1. Does A.C.A. § 14-47-109 or any other state law give either the City Board or the City Manager legal authority to review, amend, change, alter or take over the statutory clerical duties of the Municipal Court Clerk as enumerated in A.C.A. § 16-10-209?
 2. Where does ultimate authority lie to approve the accounting procedures used by the Municipal Court Clerk of a city of the first class and what is the proper legal procedure for implementing such approval?
 3. Does A.C.A. § 14-47-108(a)(2)(B) apply to the City of Maumelle even though it has never been a city of the second class?
 4. If not, does A.C.A. § 14-43-313 or any other state law require the election of the City Attorney in a city of the first class under the City Manager form of government?
5. Is A.C.A. § 14-43-313 inconsistent with any provision?
RESPONSE
Question 1 — Does A.C.A. § 14-47-109 or any other state law give eitherthe City Board or the City Manager legal authority to review, amend,change, alter or take over the statutory clerical duties of the MunicipalCourt Clerk as enumerated in A.C.A. § 16-10-209?
In my opinion, the answer to this question is generally "no." The Arkansas Municipal Courts, Police Courts, City Courts, and Justice of the Peace Courts Accounting Law of 1977 is codified at A.C.A. § 16-10-201 etseq. Arkansas Code Annotated § 16-10-209, as amended by Acts 788 and 1341 of 1997, sets out certain "activities and clerical duties" that shall be required of all court clerks. For example, the court clerk must make a direct monetary settlement with the city treasurer, county treasurer, and prosecuting attorney by a specified date each month, prepare monthly bank reconciliations for each court bank account, maintain a separate cash receipts and disbursements journal for city and county cases, and include certain enumerated columns classifying receipts and disbursements in the journal. Although the board of directors constitutes the supreme legislative and executive body of a city operating under the city manager form of government, A.C.A. § 14-47-109 (Supp. 1995), municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution. Jones v. American Home LifeIns. Co., 293 Ark. 330, 738 S.W.2d 387 (1987); Op. Att'y Gen. 96-348. Municipal corporations are not authorized to pass any law contrary to the general laws of the state. Ark. Const. art. 12, § 4; Op. Att'y Gen.96-348. Thus, the board of directors and the city manager are prohibited from altering the statutory clerical duties of a municipal court clerk as specified in A.C.A. § 16-10-209.
It should, however, be noted that if the municipal court was formed pursuant to A.C.A. § 16-17-201 et seq., and the duties of the office of municipal court clerk do not require a full-time employee, the governing body of the city may require that the duties of the clerk be performed by any other officer of the city. See A.C.A. § 16-17-211(f) (Supp. 1995). Further, a municipality may conduct audits of municipal accounts. Seegenerally A.C.A. § 10-4-202 (Repl. 1996); A.C.A. § 14-58-101 (1987).
Question 2 — Where does ultimate authority lie to approve the accountingprocedures used by the Municipal Court Clerk of a city of the first classand what is the proper legal procedure for implementing such approval?
In my opinion, ultimate authority concerning the accounting system used by a municipal court clerk rests with the Legislative Joint Auditing Committee. Under A.C.A. § 16-10-210 a court clerk, who feels that his system of bookkeeping equals or exceeds the basic system prescribed by A.C.A. § 16-10-201 et seq., may request that the court's presiding judge request a review by the Legislative Joint Auditing Committee. The Committee may issue a certificate to the court clerk stating that the accounting system is of a degree of sophistication such that the basic requirements of § 16-10-201 et seq. are being met and exempting the official from the requirements of the particulars of the system prescribed by § 16-10-201 et seq.
The Legislative Auditor, as head of the Division of Legislative Audit, has the power and duty to conduct audits of the records and accounts of all officials or employees of municipalities. A.C.A. § 10-4-202. Further, to the extent it is practical and consistent with the law, the Director of the Division of Local Affairs and Audits of the Division of Legislative Audit shall establish uniform systems of record-keeping within the respective municipalities. A.C.A. § 10-4-203 (Repl. 1996).
Question 3 — Does A.C.A. § 14-47-108(a)(2)(B) apply to the City ofMaumelle even though it has never been a city of the second class?
It is my understanding that the City of Maumelle is a city of the first class operating under the city manager form of government. Arkansas Code Annotated § 14-47-101 et seq. generally govern cities operating under a city manager form of government. Section 14-47-108 provides in part:
 (a)(1) When, in connection with the reorganization of a municipality under this chapter, an initial board of directors shall be elected, the reorganization shall be deemed to be effective as of the time when the respective terms of office of the directors commence.
 (2) Concurrently with the commencement of the terms of the directors: . . .
 (B) The statutory term of office of the city treasurer, city clerk, city attorney, city marshal, and recorder in cities of the second class shall cease and terminate, and the incumbent of each of these offices shall remain in office subject to removal and replacement at any time by the board of directors . . .
(Emphasis supplied.) At first glance, it appears that A.C.A. §14-47-108(a)(2)(B) may apply only to cities of the second class. It is, however, my opinion that the legislature intended for this provision to apply to any city, including a city of the first class, that reorganized under the city manager form of government.
The foregoing provision was enacted in 1957. Section 3 of Act 8 of 1957 provided in part:
 The statutory term of office of the City Treasurer, City Clerk, City Attorney, and of the City Marshal and Recorder in cities of the second class, shall cease and terminate; and thenceforth the incumbent of each of said offices shall remain in office subject to removal and replacement at any time by the Board of Directors[.]
(Emphasis supplied.) This provision was originally codified as A.S.A. § 19-703, which also provided in part: "The statutory term of office of the City Treasurer, City Clerk, City Attorney, and of the City Marshal and Recorder in cities of the second class, shall cease and terminate."
The basic rule of statutory construction is to give effect to the intent of the General Assembly, and when a statute is clear, it is given its plain meaning. Masterson v. Stambuck, 321 Ark. 391, 902 S.W.2d 803
(1995). In my opinion, the references to cities of the second class in Act 8 of 1957 and A.S.A. § 19-703 refer only to the city marshal and recorder. Thus, it is clear that in a city of the first class, the statutory term of office of the city treasurer, city clerk, and city attorney shall cease and terminate. The Arkansas Supreme Court will not allow a codification error to circumvent legislative intent. Op. Att'y Gen. 96-247; Cox v. City of Caddo Valley, 305 Ark. 155, 806 S.W.2d 6
(1991); A.C.A. § 1-2-203 (Repl. 1996).
Question 4 — If not, does A.C.A. § 14-43-313 or any other state lawrequire the election of the City Attorney in a city of the first classunder the City Manager form of government?
In my opinion, no state law requires the election of the city attorney in a city of the first class operating under the city manager form of government. Arkansas Code Annotated § 14-43-313(a) provides:
 At the general election in cities of the first class held in 1894 and every two (2) years thereafter, there shall be elected by the qualified electors of these cities a city clerk and city attorney who shall hold office for the two (2) years next following and until their successors are elected and qualified.
This provision was enacted in 1893. See Act 151 of 1893. As discussed in my response to question three, Act 8 of 1957 provides that the board of directors of a city operating under the city manager form of government may appoint the city attorney.
The Arkansas Supreme Court has stated that a basic and fundamental rule when considering the effect of statutes is that repeal by implication is not favored and is never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together. See Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994). The court has further stated that a general statute does not apply when there is a specific statute covering a particular subject matter. Id. In the instant case, § 14-47-108 specifically provides that when a city reorganizes under the city manager form of government, the statutory term of office of the city attorney shall cease and terminate, and the incumbent shall remain in office subject to removal and replacement at any time by the board of directors. Thus, it is my opinion that §14-47-108 effected a repeal by implication of § 14-43-313 where a city of the first class is operating under the city manager form of government.
Question 5 — Is A.C.A. § 14-43-313 inconsistent with any provision?
With regard to a city of the first class operating under a city manager form of government, please see my response to question six. With regard to any other city of the first class, it would be necessary to review the relevant statutes. See e.g. A.C.A. § 14-43-314 (Supp. 1995) (city attorney in mayor-council cities of 50,000 or more); A.C.A. § 14-43-315
(city attorney in mayor-council cities of 50,000 or less); A.C.A. §14-43-316 (city clerk in mayor-council cities of less than 50,000); A.C.A. § 14-48-106 (city administrator form of government).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh