Mr. David Gibbons, Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
You have presented the following question for my opinion:
 Does Act 988 as amended by Act 1408 of 2001 and codified as A.C.A. § 27-14-314, restrict the use of fines collected under the Act as the result of arrest by municipal law enforcement officers to law enforcement agencies, or may the fine monies be used for equipment for fire departments or other municipal departments?
RESPONSE
It is my opinion that under the provision about which you have inquired, the fines collected as a result of arrests by municipal law enforcement officers can be applied to some uses for fire departments or other municipal departments, as explained more fully below.
The provision in question states in pertinent part:
 (a) Any person who, while driving a motor vehicle more than sixty (60) days after the period for registering the motor vehicle, is arrested for failure to register the motor vehicle shall upon conviction be subject to a penalty in addition to any other penalty provided for by law. The additional penalty shall be:
 (1) Not less than fifty dollars ($50.00) nor more than one hundred dollars ($100) for the first offense, and the minimum fine shall be mandatory;
 (2) Not less than one hundred dollars ($100) nor more than two hundred fifty dollars ($250) for the second and subsequent offenses, and the minimum fine shall be mandatory.
* * *
 (b)(3) If the arresting officer is a municipal law enforcement officer, the fine shall be deposited in that municipal fund used for the purchase and maintenance of rescue, emergency medical, and law enforcement vehicles, communications equipment, animals owned or used by law enforcement agencies, life-saving medical apparatus, and law enforcement apparatus to be used for those purposes.
A.C.A. § 27-14-314.
The designated uses of the fine monies collected by municipalities ("rescue, emergency medical, and law enforcement vehicles, communications equipment, animals owned or used by law enforcement agencies, life-saving medical apparatus, and law enforcement apparatus") are not defined in the statute. However, they are not ambiguous. They must therefore be given their ordinary meanings in common usage. Bourne v. Board of Trustees,347 Ark. 19, 59 S.W.3d 432 (2001). The ordinary meanings of some of these designated uses could clearly encompass certain items for fire departments or other municipal departments. For example, "rescue vehicles" and "emergency medical vehicles"[1] are items of equipment that could conceivably be used by a fire department or some other municipal department, as are "communications equipment" and "life-saving medical apparatus." These items are not necessarily used only by law enforcement. In contrast, the other designated items ("law enforcement vehicles," "animals owned or used by law enforcement agencies," and "law enforcement apparatus") clearly are items that by definition can only be used by law enforcement agencies.
Based on this common-usage interpretation of the designated uses of the fine monies collected by municipalities, as stated in A.C.A. §27-14-314, I conclude that fire departments and other municipal departments can use the fine monies if they restrict their uses to "rescue vehicles," "emergency medical vehicles," "communications equipment," or "life-saving medical apparatus."
I must address a further issue that is raised by the language of the above-quoted statute. The issue is whether the statute intends to refer to a particular "municipal fund" in stating "If the arresting officer is a municipal law enforcement officer, the fine shall be deposited in thatmunicipal fund used for. . . ." A.C.A. § 27-14-314 (emphasis added). Because the statute goes on to list such a wide variety of uses of the fine proceeds, and because these various uses typically can be paid for out of different funds, it is my opinion that this language was intended to indicate that the fine is to be deposited into any fund belonging to that municipality that can be used for the listed purposes, whether a general fund or a specific one. The language does not appear to be intended to restrict the deposit to certain funds maintained by municipalities, or to prohibit deposit in others. Rather, it seems to allow deposit into any fund of the municipality that can be used for the listed purposes. For this reason, I conclude that the governing body of the municipality has the authority to determine where the fine is to be deposited, provided that it is deposited into a fund (or apportioned into various funds) that can be used for the listed purposes.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I interpret the term "vehicles," as used in the quoted portion of the statute, to be modified by all of the terms "rescue," "emergency medical," and "law enforcement." See 2A Sutherland, STATUTORY CONSTRUCTION 47.33 (4th ed. 1984) ("Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma.") Accord, Op. Att'y Gen. No. 2001-274).