The Honorable Charles L. Ormond State Representative 1500 View Street Morrilton, AR 72110-3725
Dear Representative Ormond:
You have presented the following question for my opinion:
 Is an incorporated town permitted to charge a $25.00 fee for serving city warrants?
Response
It is my opinion that an incorporated town is permitted to charge a $25.00 fee for serving city warrants.
In my opinion, the authority of incorporated towns to charge this fee arises out of A.C.A. § 21-6-502, which states:
 For issuing a subpoena or warrant of arrest and for summoning or arresting the witnesses, officers shall be allowed the same fees as are allowed to clerks and sheriffs for similar services.
A.C.A. § 21-6-502. Sheriffs are authorized to charge a fee of $25.00 for serving warrants. A.C.A. § 21-6-307.
Although the term "officers" as used in A.C.A. § 21-6-502 is not defined, the term is unambiguous, and when it is given its ordinary meaning in common usage, see Bourne, v. Board of Trustees, 347 Ark. 19,59 S.W.3d 432 (2001), it clearly must be interpreted to encompass police officers in municipalities, including police officers in incorporated towns. Accord, Op. Att'y Gen. No. 2000-303.
I note that as you mention in your correspondence, police officers in both first class cities and second class cities are expressly authorized to charge a fee for serving warrants, A.C.A. §§ 14-42-110, -202(b)(3), but no similar statutory authority is expressly granted to police officers in incorporated towns. It is my opinion that this gap does not indicate a legislative intent that police officers in incorporated towns should not have this authority. Indeed, it is my opinion that this gap is filled by the broad reference to "officers" in A.C.A. § 21-6-502.[1]
I must mention as a final matter that the warrant fee that is authorized under A.C.A. § 21-6-502 (through A.C.A. § 21-6-307) can be collected only after the court has entered a judgment for costs. See Ops. Att'y Gen. Nos. 2000-303; 97-362; 97-300, 89-241, 89-208. That conclusion is based upon the fact that A.C.A. § 16-90-113, which governs judgments, requires that judgments against defendants include the costs of the officers rendering the service for which the cost was incurred. Because these costs must be included in the entry of judgment, it is impermissible for officers to charge such costs prior to judgment.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It should be noted that my predecessor opined that the warrant fee that is authorized by A.C.A. § 21-6-502 (through A.C.A. § 21-6-307) is a court cost that is "specifically provided by state law" within the meaning of A.C.A. § 16-10-305(d), and is therefore not prohibited by that provision. I agree with that view. See Op. Att'y Gen. No. 2000-303.