The Honorable Jan A. Judy State Representative 202 W. Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have presented the following question for my opinion:
 Is the City of Fayetteville's supplemental alcohol tax applicable to sales or cooling charges for beer delivered by a private club that also holds an on-premises retail permit?
You indicate that the City of Fayetteville requires an annual permit fee of $250.00 and a city supplemental tax of 5% "for the cooling and serving of beer, light wine, and wine." See Fayetteville Code, § 111.30(D). You further indicate that a particular local non-profit private club holds both a state private club permit and a state on-premises retail beer permit, both issued by the Alcoholic Beverage Control board. The on-premises retail beer permit authorizes the club to sell beer to nonmembers as well as members of the club. The club claims that it should be exempt from the city's supplemental tax on beer sales. It is my understanding that this club is not a bed and breakfast private club.
RESPONSE
It is my opinion that Fayetteville's supplemental tax is applicable to sales or cooling charges for beer delivered by a private club (other than a bed and breakfast private club) to its members, even though the club also holds an on-premises retail permit. The club is not exempt from the city's supplemental tax. The only private clubs that are wholly exempt from the city's supplemental tax are bed and breakfast private clubs. However, the city's supplemental tax does not apply to sales made by a club to non-members.
The authority of cities to impose a supplemental alcohol tax is granted in A.C.A. § 3-9-223(f), which states:
 (f)(1) In addition to the fee or supplemental tax as levied herein, any city or incorporated town or any county in which the permitted premises are located, if located outside the limits of a city or incorporated town, may levy an additional permit fee or supplemental tax or both additional permit fee and supplemental tax not to exceed one-half (1/2) of the amount of the fee or rate provided in this section.
 (2) All fees and taxes levied hereunder by any city or county shall be used for city or county general purposes or for city or county economic development purposes.
A.C.A. § 3-9-223(f).
The "fee" and "supplemental tax" that are referenced in the first sentence above are the state's fee for a private club permit, authorized by A.C.A. § 3-9-221, -222, -223, and the state's supplemental tax on private club permit-holders, authorized by A.C.A. § 3-9-223(b). The state's supplemental tax applies only to "the gross proceeds or gross receipts derived by the private club from the charges to members for the preparation and serving of mixed drinks or for the cooling and serving of beer and wine, for consumption only on the premises where served." A.C.A. § 3-9-223(b)(1).
The language of Section 223(f), quoted above, is clear and unambiguous. If an individual or entity holds a state private club permit, the city has the authority to impose an additional permit fee, or a supplemental tax, or both, in an amount not to exceed one-half of the state's private club fee or the state's supplemental tax rate. See Cox v. City of CaddoValley, 305 Ark. 155, 806 S.W.2d 6 (1991). Because the state's supplemental tax applies only to a private club's charges to its members, and because the city's supplemental tax must be calculated upon the amount of the state's supplemental tax, the city's supplemental tax must apply only to the private club's charges to its members. It cannot apply to any proceeds from sales to non-members. In any event, if a private club holds a state private club permit, it is not exempt from the supplemental tax simply on the grounds that it also holds an on-premises retail beer permit. The only exemption from the supplemental tax is available only to bed and breakfast private club permit holders. See
A.C.A. § 3-9-223(g). If the General Assembly had intended to provide any other exemptions, it would have done so in a similar manner.
It is not necessary for me to construe the city's ordinances regarding this matter, because city ordinances are not relevant to this question; the question is governed entirely by state law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General