James BARNETT *v.* STATE of Arkansas

CR 05-1179                                                    236 S.W.3d 491

Supreme Court of Arkansas
Opinion delivered May 25, 2006

*William C. Plouffe, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant James Barnett appeals from the Union County Circuit Court's order denying his motion to vacate conviction. Pursuant to Ark. Sup. Ct. R. 1-2(b)(4) (2006), we have jurisdiction because this case involves an issue of substantial public interest. We affirm the circuit court's order.

The facts leading up to this appeal can be summarized as follows:

- In November of 1997, Appellant James Barnett entered into a plea agreement with the State of Arkansas whereby he pled guilty to sexual abuse in the first degree. As a result, he received five years' probation pursuant to Ark. Code Ann. § 16-93-303, and he was ordered to pay courts costs, to have an assessment at South Arkansas Regional Health Center, and to have no contact with minor children. The circuit court entered a judgment and conviction.

- In April 1999, Barnett filed a motion for expungement of record pursuant to Ark. Code Ann. § 16-93-303, *et seq.* The circuit court denied that motion as Barnett had not yet completed his five-year probation sentence.

- On November 5, 2002, Barnett completed his five-year probation sentence.

- On July 8, 2003, Barnett filed a second motion for expungement of record. The circuit court granted that order on July 17, 2003. Meanwhile, on the same day that the order was entered, the State had filed a response objecting to Barnett's motion for expungement. Several days later, on July 22, the circuit court set aside the order granting expungement.

- A little more than one year later, on August 3, 2004, Barnett filed a third motion for expungement of record. The State responded and the circuit court denied Barnett's motion on October 29, 2004. On the same day the order was entered, Barnett filed a motion for findings of fact and conclusions of law, and the court entered its findings of fact and conclusions of law on November 12, 2004.

- Barnett then filed a motion for reconsideration on November 24, 2004, but the record does not reflect a ruling on this motion.

- Several months later, on February 23, 2005, Barnett filed a motion to vacate conviction, which was denied on May 20, 2005. On May 31, Barnett again made a motion for findings of fact and conclusions of law, which was deemed denied thirty days later. Ark. R. App. P. – Crim. 2(b)(1) (2006).

- Barnett filed a notice of appeal on July 29, 2005.

On appeal, Barnett contends that the circuit court erred in denying his motion to vacate conviction. In making this argument, Barnett argues that the State breached its plea agreement when it opposed the expungement of his record. Moreover, he suggests that the application of the current expungement law — Ark. Code Ann. § 16-93-303 (Repl. 2006), as amended in 1999 to provide that first-offender expungement is no longer applicable to sex offenders of minors — would constitute an *ex post facto* application of the law and a violation of due process under the Arkansas and Federal Constitutions.

Before we proceed to the merits of this appeal, we must recognize that Barnett filed a notice of appeal from the circuit court's order denying his motion to vacate conviction, but he did not file a notice of appeal from the circuit court's order denying expungement. To the extent that Barnett seeks to challenge the circuit court's order denying his motion for expungement, we are precluded from considering that issue on appeal. Ark. R. App. P. – Crim. 2 (2006). Specifically, the order denying Barnett's motion for expungement was a final, appealable order that he chose not to appeal. Thus, we do not have jurisdiction to address the *ex post facto* and due process arguments, which have no purpose other than to point out the circuit court's alleged error in denying expungement. We do, however, have jurisdiction to determine whether the circuit court properly denied the motion to vacate Barnett's conviction.

The heart of Barnett's argument is that expungement was a term of his plea agreement and that when the State opposed his expungement petition, it breached the plea agreement. Yet, the record does not reveal that expungement was a term of the plea agreement with the State. In exchange for a guilty plea, the plea

agreement in the record indicates that Barnett received five years' probation pursuant to Ark. Code Ann. § 16-93-303, and that he was also required to pay courts costs, to have an assessment at South Arkansas Regional Health Center, and to have no contact with minor children. The record does not reveal that the State "expressly agreed" not to oppose a petition for expungement. In reviewing the transcript of the hearing where Barnett pled guilty before the circuit court, there is no evidence that expungement was a term of his plea agreement. In that regard, we note the following relevant portions of the colloquy between the judge, the prosecutor, Barnett, and his counsel at the plea-agreement hearing:

> THE COURT: All right, your name is James Barnett?
>
> DEFENDANT: Yes, Sir.
>
> THE COURT: How old are you, Mr. Barnett?
>
> DEFENDANT: Thirty-three.
>
> THE COURT: What grade did you complete in school?
>
> DEFENDANT: I have a college degree.
>
> THE COURT: All right, you're charged with Sexual Abuse in the First Degree. You appeared before the magistrate, he advised you of the charges, the penalties, your Constitutional Rights, you subsequently retained Mr. Griggs to represent you, I believe this case is set for trial next week, is that correct?
>
> MR. GRIGGS: The 12th, Your Honor.
>
> THE COURT: Okay. And it appears now you've entered into this Plea Agreement with the State. Is all that correct?
>
> DEFENDANT: Yes, Sir.
>
> THE COURT: Did you read this Plea Agreement, understand it and sign it voluntarily?

DEFENDANT: Yes, sir.

THE COURT: Did you note that I didn't sign it, that I'm not a part of it, that I'm not bound by it, that it's strictly a recommendation to me?

DEFENDANT: That's correct.

THE COURT: Do you also understand that if you enter a plea of guilty, as this tells me you're going to do, you give up those rights that you have to remain silent, to be confronted by the witnesses that the State has against you in the trial by jury?

DEFENDANT: Yes, sir.

THE COURT: Have you talked with Mr. Griggs about entering a plea in this case?

DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with his services and advise [sic]?

DEFENDANT: Yes, sir.

THE COURT: Do you have any complaints about him at all?

DEFENDANT: No, sir.

THE COURT: Do you feel the actions that he's taken in your case have been in your best interest?

DEFENDANT: Yes, sir.

THE COURT: Do you feel that he's done a good job and been effective?

DEFENDANT: Yes, sir.

THE COURT: To the charge then, that on or about the 13th day of August, 1996, in Union County, Arkansas,

you did unlawfully and feloniously commit the offense of Sexual Abuse in the First Degree . . . therefore violating Arkansas Statute 5-14-108, the charge of Sexual Abuse in the First Degree, to that charge how do you plea, guilty, or not guilty?

MR. GRIGGS: Your Honor, we have reviewed the evidence by the State, we do not agree that all of that is true. We would, however, enter a plea under the Alford Case, realizing that the jury may very well accept those series of facts and convict Mr. Barnett and therefore his plea is guilty.

THE COURT: All right, sir, as he's told now, you enter a plea instead of him. To that charge, how to you plead, guilty, or not guilty?

DEFENDANT: Guilty.

. . . .

THE COURT: All right, anything to add, Mr. Griggs, or subtract from that?

MR. GRIGGS: No, your Honor.

. . . .

THE COURT: Assessment, what do we mean by the assessment of the South Arkansas Regional Health Center?

Ms. HARP: It's like an evaluation, Judge.

THE COURT: Okay.

Ms. HARP: A mental evaluation.

MR. GRIGGS: Your Honor, we have no problem with all of that, as a matter of fact, I think Mr. Barnett would welcome the opportunity to tell still another person, for the record, his version of what actually happened.

. . . .

THE COURT: All right, and what's the Act on the DNA Database?

MR. GRIGGS: 16-93-303.

THE COURT: Yeah, but the DNA Database Act?

MR. GRIGGS: Your Honor, we are willing to submit the DNA.

THE COURT: Well, do you know the Act Number stated in this thing?

Ms. HARP: Judge, I think it's 989, I think that's right.

THE COURT: All right, I'm going to accept your plea, I'll accept the Plea Agreement that you've entered into with the State. You'll be placed on probation for five years, pursuant to A.C.A. 16-93-303, you're ordered to pay all the costs, you're ordered to submit to an evaluation by the South Arkansas Regional Health Center, you'll be enjoined and restrained from having any contact with [minor children] and you're further ordered to comply with Act 989 of 1997, dealing with DNA Database collection. Is there anything you need to advise other than that?

Ms. HARP: I think that takes care of everything, Judge.

THE COURT: Okay. No, do you have any questions, anything you don't understand —

Ms. HARP: Wait a minute — I'm sorry, Judge.

THE COURT: — okay. Anything you want to ask me? Just one minute.

DEFENDANT: No, sir.

THE COURT: Okay, now.

Ms. HARP: That is not the correct Act.

MR. GRIGGS: It's 509, or something like that.

Ms. HARP: 989 is Offender Registration that does not apply, this is dealing with DNA Database —

MR. GRIGGS: Your Honor, for our record, we have — Ms. Lowery's not here, but we have discussed this at great length about whether or not there is a registration required and she is of the opinion and I am also of the opinion, that he does not have to register. That was a significant consideration of this plea.

Ms. HARP: I believe Ms. Lowery, if I recall correctly, I believe Ms. Lowery did some research on that issue, I think she contacted the prosecutor coordinator's office.

. . . .

THE COURT: All right, then you'll be ordered to comply with the DNA Database Collection Act, I don't know what the Act is, but the prosecutor and sheriff can determine what that is and as you understand you're going to submit to the DNA sample?

MR. GRIGGS: That is correct, Your Honor.

THE COURT: And, now, any questions?

MR. GRIGGS: No questions.

DEFENDANT: No, sir.

THE COURT: All right, see Mr. McKinnon, he'll explain to you the terms and conditions of your probation.

MR. GRIGGS: Thank you.

This lengthy colloquy confirms that expungement was not a term of Barnett's plea agreement with the State. Instead, the terms agreed to by the State were that Barnett would submit DNA to the database pursuant to the State Convicted Offender DNA Data Base Act, codified at Ark. Code Ann. § 12-12-1101, *et seq.* (Repl. 2003); but, he would not be required to register as a sex offender under Act 989 of 1997, codified at Ark. Code Ann. § 12-12-901, *et seq.* (Repl. 2003). Certainly, had expungement been a term of the plea agree-

ment, Barnett would have mentioned it to the court, especially given the thoroughness of the trial judge's inquiries at the hearing.

In any event, section 16-93-303 makes clear that no defendant has a right to expungement: ". . . nor shall any defendant be availed the benefit of [expungement] as a matter of right." Ark. Code Ann. § 16-93-303(a)(3) (Repl. 2006). In the absence of any evidence that expungement was a term of the agreement, we cannot conclude that the State breached any agreement with Barnett when it objected to his request for expungement. Accordingly, the circuit court's order denying Barnett's motion to vacate conviction is affirmed.

Affirmed.