2013 Ark. App. 427

**Joshua H. TURLEY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–13–161.**

Court of Appeals of Arkansas.

June 26, 2013.

Everett, Wales & Comstock, by: Jason H. Wales, for appellant.

Dustin McDaniel, Att'y Gen., by: Pamela Rumpz, Ass't Att'y Gen., for appellee.

DAVID M. GLOVER, Judge.

In this case, the issue is whether the trial court erred in denying appellant Joshua Turley's petition to seal his criminal record pursuant to Arkansas Code Annotated section 16–93–303(b) (Supp.2011). We hold that the trial court erred, and we reverse and remand this case for entry of an order consistent with this opinion.

On August 24, 2009, Turley pleaded guilty to four Class C felony drug charges. He was placed on six years' probation[1] pursuant to Act 346 of 1975 (codified at Ark.Code Ann. §§ 16–93–301 to –303), which authorizes a trial court to defer proceedings, place a first-time offender on probation, and then dismiss the case and expunge the record at the termination of the defendant's probation. The plea agreement, order, and probation agreement were all filed of record on September 1, 2009.

Three years later, on August 29, 2012, an order was filed releasing Turley early from his probation. This order was agreed to by the State and provided, in pertinent part:

2. The defendant has served his time and completed the long-term drug treatment program at RPF, paid all restitution, costs, and fees as ordered by the Court, *remained on good behavior,* and complied with all of his probation officer's requests and directives.

3. The defendant should be, and he is hereby, released from the remainder of his probation period.

IT IS SO ORDERED, AS PER AGREEMENT OF THE PARTIES.

(Emphasis added.)

Thereafter, on September 9, 2012, Turley filed a petition to dismiss and seal his record. At that time, the State reversed its earlier position and opposed Turley's petition, contending that Turley had violated the terms and conditions of his probation when he was found guilty of driving while intoxicated on March 6, 2011, while he was still on probation. The State also alleged that other offenses appeared on Turley's Arkansas Crime Information Center report on which it was then obtaining information. The State argued that pursuant to *Luevano v. State,* 2012 Ark. App. 436, 2012 WL 3744797, the trial court was not required to expunge Turley's record. After a hearing in November 2012, the trial court refused to seal Turley's record, finding that while Turley had been released early from his probation, he had violated his probation by committing DWI in March 2011 while still on probation and, pursuant to *Luevano,* Turley's petition to dismiss was denied. Turley then filed this appeal.

The issue before our court is solely one of law, a question of statutory interpretation. Arkansas Code Annotated section 16–93–303 (Repl.2006) is the statute directly involved, and it provides in pertinent part:

(a)(3) Nothing in this subsection shall require or compel any court of this state to establish first offender procedures as provided in this section and §§ 16–93–301 and 16–93–302, nor shall any defendant be availed the benefit of this sec-

---

1. Two of the conditions of Turley's probation included not committing a criminal offense punishable by imprisonment and not drinking or possessing alcoholic beverages.

tion and §§ 16–93–301 and 16–93–302 as a matter of right.

(b) Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order that shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures established in § 16–90–901 et seq.

Turley argues that the trial court erred in not entering an order expunging his record because he had been released early from his probation by the trial court. The State argues, again citing *Luevano, supra,* that because Turley violated the terms and conditions of his probation prior to being released early from his probation, the trial court did not err in refusing to expunge Turley's record. We hold that the *Luevano* decision is inapplicable to this case. There, the defendant violated the terms of his probation, but the trial court did not revoke his probation. After Luevano's probation had expired, he petitioned the trial court to expunge his record; the trial court declined to do so, and Luevano appealed to this court. This court affirmed the trial court's refusal to expunge Luevano's record, holding that the decision of whether to immediately enter an adjudication of guilt upon the violation of a condition of probation is within the trial court's discretion, and failure to revoke had no bearing on whether Luevano had fulfilled the terms and conditions of his probation pursuant to Arkansas Code Annotated section 16–93–303(b).

Here, Turley freely admits that he violated the terms and conditions of his probation; however, he argues that he is not attempting to have his record expunged under the provision within the statute that he had fulfilled the terms and conditions of his probation. Rather, he contends that the trial court is required to expunge his record because he had been released by the court prior to the termination of his probation period, and, in that situation, the statute requires that the trial court shall discharge the defendant without court adjudication of guilt. We agree with his assertion. Subsection (b) of Arkansas Code Annotated section 16–93–303 provides that "[u]pon fulfillment of the terms and conditions of probation *or* upon release by the court prior to the termination period thereof," a person who is dealt with under the first-offender procedures *"shall* be discharged without court adjudication of guilt, whereupon the court *shall* enter an appropriate order that *shall* effectively dismiss the case, discharge the defendant, and expunge the record...." (Emphasis added.)

The basic rule of statutory interpretation is to give effect to the intent of the legislature. *State v. Martin,* 2012 Ark. 191, at 3, 2012 WL 1548076. Where the language of the statute is plain and unambiguous, we determine the legislative intent from the ordinary meaning of the language used. *Id.* at 3–4, 2012 WL 1548076. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* The word "shall" when used in a statute means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurdity. *Loyd v. Knight,* 288 Ark. 474, 477, 706 S.W.2d 393, 395 (1986).

Furthermore, the statute here at issue is written in the disjunctive, not the conjunctive—the two provisions stand alone and are not dependent on each other. Quite simply, if a defendant is released early from his probation under this statutory provision, he is not also required to prove

that he fulfilled the terms and conditions of his probation. The State apparently agreed to Turley's early release from probation without researching whether Turley had in fact been compliant with the terms and conditions of his probation. When Turley was released from his probation early by the trial court's order, the trial court was then required to expunge Turley's record.

■ The dissent relies on subsection (a)(3) to grant the trial court discretion to deny expungement as provided for in subsection (b). We hold that that provision exclusively addresses the discretion of the trial court whether to establish first-offender procedures and place a defendant under these procedures.[2] Once the trial court places a defendant under first-offender status, however, it is bound by the requirements set forth in subsection (b), which provides that if the defendant is released from his probation early by the trial court, the trial court *shall* expunge his record—there is no discretion.

The dissent also cites *Barnett v. State,* 366 Ark. 427, 236 S.W.3d 491 (2006), in which our supreme court held that section 16–93–303 makes it clear that no defendant has a right to expungement. The issue in *Barnett* was whether the State breached its plea agreement when it opposed the expungement of his record (when the first-offender statute was amended to exclude sex offenders of minors, Barnett's offense) during his probation period; our supreme court held that expungement had not been a term of Barnett's plea agreement with the State. The *Barnett* court correctly stated that no defendant is *entitled* to expungement—the statute clearly states that trial courts are not required to establish first-offender procedures. However, when

a trial court does establish such procedures, and when a defendant is in fact accepted under the first-offender procedures, subsection (b) then becomes the applicable subsection.

As discussed above, subsection (b) offers two separate scenarios under which a trial court *shall* discharge the defendant without court adjudication of guilt and expunge the defendant's record—(1) when the terms and conditions of probation have been fulfilled, or (2) upon the defendant's release by the court prior to the termination of the probation period. The trial court released Turley early from his probation. It did so by an order with which the State agreed. The statute further mandates that the trial court discharge Turley without an adjudication of guilt and expunge his record. The trial court erred in refusing to do so.

Reversed and remanded.

WYNNE, WHITEAKER, and VAUGHT, JJ., agree.

HARRISON and GRUBER, JJ., dissent.

RITA W. GRUBER, Judge, dissenting.

Because I think a trial court has discretion to grant or deny expungement under Ark.Code Ann. § 16–93–303, I respectfully dissent. I agree with the majority that our decision in *Luevano* does not decide this case or support the State's position. Although the trial court relied on *Luevano's* holding that failure to revoke a defendant's probation "ha[d] no bearing on the issue of whether a defendant fulfilled the terms of his probation for expungement purposes," that was not the trial court's ultimate decision in this case. The trial court deter-

---

2. We note that Act 1460 of 2013 amended Arkansas Code Annotated section 16–93–303. Subsection (a)(3) now provides, "This subsection does not require or compel any court of this state to establish first offender procedures as provided in this section and §§ 16–93–301 and 16–93–302."

mined that appellant did not comply with the terms of his probation and denied his petition. Indeed, the trial court's final pronouncement from the bench makes clear that it thought it had discretion to deny appellant's petition: "I find that the defense motion to seal the record is denied. It is in this Court's discretion to do that. I find that he did not follow the terms of his probation by ingesting or drinking alcohol and subsequently being convicted of DWI while this matter was pending."

The majority interprets section 16–93–301(b) in isolation. This is where I differ. This court reads statutes as a whole to determine their meaning. *Ark. Elec. Energy Consumers, Inc. v. Ark. Pub. Serv. Comm'n,* 2012 Ark. App. 264, at 9, 410 S.W.3d 47, 52. A particular provision in a statute must be construed with reference to the statute as a whole. *Gomez v. Crossland Constr. Co.,* 2011 Ark. App. 787, at 6–7, 2011 WL 6189473; *see also Boyd v. State,* 313 Ark. 171, 173, |₈853 S.W.2d 263, 265 (1993). Here, looking at the relevant statute as a whole, the court did have discretion under Ark.Code Ann. § 16–93–303 (Supp.2011) to deny appellant's petition for expungement because subsection 303(a)(3) provides that no defendant may be "availed the benefit of this section and §§ 16–93–301 and 16–93–302 as a matter of right."[1] The majority's interpretation leads to an absurd result, requiring a court to expunge the record of defendants who admittedly violated terms and conditions of their probation if they were released before the term expired but allowing a court to deny expungement to defendants who also violated terms and conditions of pro-

bation but who served the entire probationary period.

One of the stated reasons for Act 346 of 1975 was the legislature's concern that the courts were "clothed with very little discretion and have limited alternatives in the disposition of cases involving first offenders." *See* Act 346 of 1975. While not determinative of the legislature's intent, the language in the Act itself and in the Arkansas Statutes contained two notable differences from the statutory language as modified by the Arkansas Code Revision Commission for placement in the 1987 Arkansas Code Annotated. What is now subsection 303(a)(3) provided that "[n]othing herein shall require or compel any court of this state to establish first offender procedures as provided in *this Act* nor shall any defendant be |₉availed the benefit *of this Act* as a matter of right." *See* Act 346 of 1975 and Ark. Stat. § 43–1232 (Repl.1977) (emphasis added). This language suggests that none of the provisions in the entire Act are provided to a defendant as a matter of right and that the court has discretion under the entire Act. The Revision Commission also removed a comma from what is now subsection 303(b), causing what was seemingly an aside to appear not to be. It previously read: "Upon fulfillment of the terms and conditions of probation, or upon release by the court prior to the termination period thereof, the defendant shall be discharged...." Ark. Stat. § 43–1233. The use of two commas around the early release language suggests that the legislature was simply attempting not to leave out the situation where a defendant was released from probation before the termi-

---

1. The majority notes that Act 1460 of 2013 amends section 16–93–303(a)(3). Act 1460 is not effective until January 1, 2014, and contains an entirely new comprehensive procedure detailing the burden of proof and the factors to be considered by a court in determining whether to grant a petition to seal. That Act does not apply to this case, and it is not clear what effect that Act will have on future cases without examining all its provisions, not only its amendment to section 16–93–303(a)(3).

nation of his sentence. It does not appear that the legislature was attempting to tie the court's hands in such a situation or place that defendant in a better position than a similarly errant defendant who completed the entire term of probation. *See Cox v. City of Caddo Valley*, 305 Ark. 155, 806 S.W.2d 6 (1991) (providing that an act or statute is not controlling if it was changed or modified by the Arkansas Code Revision Commission in a manner not authorized by the laws or constitutions of Arkansas in effect at the time of the change or modification) (citing Ark.Code Ann. § 1–2–103(a)(3)).

Although our supreme court has not directly addressed this issue, dicta suggests that a defendant does not have a right to expungement. In *Barnett v. State*, 366 Ark. 427, 435, 236 S.W.3d 491, 495 (2006), the court said that "section 16–93–303 makes clear that no defendant has a right to expungement: 'nor shall any defendant be availed the benefit of [expungement] as a matter of right.' Ark.Code Ann. § 16–93–303(a)(3) (Repl.2006)." In *Arnold v. State*, 2011 Ark. 395, 384 S.W.3d 488, the court stated:

> We find no support for the idea that the statutes in question combine to create a liberty interest. First of all, section 16–93–303(a)(3) clearly states: "Nothing in this subsection shall require or compel any court of this state to establish first-offender procedures as provided in §§ 16–93–301–16–93–303, nor shall any defendant be availed the benefit of §§ 16–93–301–16–93–303 as a matter of right." Where there is no right to expungement under a statute, it follows logically that the statute creates

no liberty interest in having a "clean record."

*Id.* at 10, 384 S.W.3d at 496. The majority interprets this language as merely reiterating the fact that a defendant is not entitled to first-offender procedures. This is not what the court said. It said a defendant is not entitled to expungement.

Finally, in my view, ignoring subsection 303(a)(3) and literally interpreting subsection 303(b) in isolation as the majority has done leads to an absurd result when an alternative interpretation of the whole statute seems to better effect the purpose of Act 346.[2] Therefore, I would affirm the court's order.

HARRISON, J., joins.

---

**2.** *Dep't of Career Educ., Div. of Rehab. Servs. v. Means*, 2013 Ark. 173, at 11, 426 S.W.3d 922, 929 ("This court has consistently held that it will not engage in statutory interpretations that defy common sense and produce absurd results."); *Searcy Cnty. Counsel for*

*Ethical Gov't v. Hinchey*, 2013 Ark. 84, at 7, 2013 WL 781099 ("[W]e will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent.").